This is a tort action, a sequence of the collision in the intersection of Olive Street and Line Avenue in the City of Shreveport, between a Ford coupe operated by W.H. Alexander, and a Chevrolet sedan owned by A.A. Arline, and at the time being driven by Mrs. Arline. The accident occurred about 5:15 o'clock on the afternoon of January 24, 1939. Cars at the time were being operated without lights burning.
Mrs. J.L. MacFarland was on the front seat with Mrs. Arline. Mrs. S.M. Webb, mother of Mrs. Arline, and Sarah Elizabeth Arline, aged sixteen, occupied the rear seat. All occupants were injured to some extent when their car turned over *Page 711 
immediately following the impact. They sue to recover damages. Mr. Arline sues to recover the amount expended in repairing his car. Mr. Alexander and the Travelers Insurance Company, carrier of property and public liability damage insurance on the coupe, were impleaded as defendants.
Line Avenue is one of the city's most heavily traveled thoroughfares and traffic thereon has right of way over traffic from intersecting streets. It courses north and south and is 27.6 feet wide between curbs. Olive Street runs east and west and is 28 feet wide between curbs. The speed limit on both streets is limited to thirty-five miles per hour by ordinance of the city. The Arline car was traveling easterly on Olive Street. Alexander was going northerly on Line Avenue.
Plaintiffs' allegations fasten responsibility for the accident entirely upon Alexander, the specific instances of negligence proximately causing the accident being as follows: driving in excess of thirty-five miles per hour; not maintaining a proper lookout for traffic entering the avenue; not having his car under adequate control; entering the intersection without giving any warning whatever of his approach, and heedlessly striking the Arline car whereas if he had veered his own car a few inches to his left, the collision would have been averted. Plaintiffs also allege freedom of negligence on the part of Mrs. Arline and the other occupants of her car in connection with the accident.
Defendants deny that Alexander was negligent in any manner or respect as a cause or contributing cause of the collision. In addition, they specifically deny all the other material allegations of the petition except that the accident happened when and where alleged and that Alexander was then driving the coupe on which the insurance was carried. They affirmatively charge that the accident occurred solely because of the negligent operation of the Arline car in these respects, viz:
That Mrs. Arline in violation of a law of the City of Shreveport, entered Line from Olive Street without stopping or decelerating at a speed in excess of twenty miles per hour; that she so acted without looking for traffic in either direction and at a time when the Alexander car, traveling at a lawful speed on its proper side of the street was close by; that she did not sound her horn nor in any other manner give warning of her approach and intention to cross the intersection; that she made no effort to avert the impending collision after becoming aware of the perilous situation.
Under appropriate allegations of fact, defendants charge that the other occupants of the car were guilty of independent negligence of such character as to bar recovery by them even though it be held that Alexander was negligent and careless when approaching and entering the intersection and that such contributed to the collision. The conclusion we have reached on the question of responsibility for the accident renders it unnecessary that we here summarize the averments on this phase of the defense. The negligence of Mrs. Arline in the particulars named, alternatively is pleaded in bar of recovery by her.
The trial judge rejected the demands of all plaintiffs and gave written reasons for so doing. He exonerated Alexander from the charge of negligence against him and held specifically that the accident occurred solely because of the negligence of Mrs. Arline. This appeal is prosecuted by all plaintiffs.
Plaintiffs alleged and all (save Mr. Arline) testified that Mrs. Arline, before driving into the intersection, brought her car to a stop at the yellow line across Olive Street, which is twelve feet from the west curb of Line Avenue. If this was done, the occupants of the car were in a position to clearly see down the avenue, the direction from whence Alexander was coming, a distance of more than six hundred feet, and for a greater distance north.
Mrs. Arline testified that after stopping her car she looked both ways, and seeing no vehicles approaching, put the car in gear and started across the intersection; that when about the middle of the avenue she observed the coupe approaching twenty-five to fifty feet away at a rapid speed; that she "speeded up" in the hope of averting a collision and that the front end of her car had cleared the intersection when struck by the coupe. She estimated that her car was moving at a speed of from fifteen to twenty miles per hour when the collision occurred.
Mrs. Webb and Sarah Elizabeth Arline testified that after the car stopped at the intersection each of them and Mrs. Arline looked up and down the avenue for traffic and saw none. Mrs. MacFarland testified that Mrs. Arline "just drew up and stopped, just for a pause, and then speeded up again as she thought the street was clear." She *Page 712 
did not look in either direction but is sure the Alexander car was first observed by her. She says it was then half a block away and that the Chevrolet was in the middle of the intersection. She also saw no other cars near by.
Alexander testified that he entered Line Avenue several blocks south of Olive Street; that he was traveling at a speed not in excess of thirty miles per hour and when fifteen feet from the intersection he observed the Arline car about the same distance therefrom, traveling at about the same speed as his own car was making; that the Arline car did not slow down nor stop prior to entering the intersection but increased its speed on seeing him; that as soon as possible, after realizing the emergic situation suddenly created, he forcefully applied his brakes and veered to his left as much as circumstances would allow. The right front end of his coupe slightly struck the right rear fender of the Arline car. His car turned westerly and was stopped before it entirely cleared the intersection. The Chevrolet cleared the intersection and turned upside down on the south side of Olive Street not far from the intersection.
In the southwest angle formed by Olive Street and the avenue, a terrace rises from the sidewalks on both streets to a height of some eight feet. Its presence effectively obstructs the view of traffic on Olive Street down the avenue until within about twelve feet of the intersection, the location of said yellow line. It also obstructs the view of northbound avenue traffic westerly on Olive Street until within a short distance of the intersection. This physical condition satisfactorily accounts for Alexander not seeing the Arline car until he was not over fifteen feet from the intersection.
Notwithstanding the testimony of all occupants of the Arline car that there was no car approaching the intersection on Line Avenue from the north immediately prior to the collision, such is not true. Mr. F.E. Lacaze, District Manager of the United Gas Pipe Line Company, was driving southerly on the avenue and witnessed all features of the accident. He is positive the Arline car did not stop nor slow down prior to attempting to cross the intersection. We quote a very pertinent and impressive portion of his testimony, to-wit:
"A. I was coming down the street about twenty or twenty-five miles an hour and about ten feet or maybe fifteen feet from the intersection of the Olive Street curb I saw a car coming, going east. At the time I saw it I imagine it was fifteen or maybe twenty feet from the curb line and I naturally assumed that the car was going to stop for the crossing, but it didn't, and I jammed on my brakes, killed my motor, and stopped within, I would say, four or five feet from where this car passed in front of me.
"At that time I looked up and saw a car coming toward town, coming north, and the car evidently put the brakes on, and I think he swerved just a little toward me, over on that side, and it looked to me like he clipped the rear fender or wheel of this car. This car bounced over and hung over on the edge for a moment, then went over on the side and went upside down."
The proximity of the Lacaze car prevented Alexander from veering further west than he did. The danger of colliding with the Lacaze car influenced his action in this respect. Mr. Lacaze did not know any of the parties involved. He has no interest whatever in the outcome of this suit. His testimony has the ring of truth in it. It corroborates in essential and material respects, practically all of the testimony given by Alexander. The lower court accepted this testimony as being true, and adjudged accordingly. It likewise impresses us.
There is no testimony in this record to sustain the charge that Alexander was exceeding the speed limit at time of or prior to the collision. He says he was not doing so and Lacaze corroborates him on this material point. The fact that he brought his car to a stop within so short a distance after observing the heedless action of the Arline car efficiently supports the contention that he was not speeding. After realizing that the Arline car intended to cross his lane of travel in the manner related, he acted as quickly and as intelligently as could be expected; and but for the on-coming Lacaze car, the slight impact would likely have been averted. He committed no error of judgment. He pursued the only rational course open to him.
In passing, it is apropos to say that had the Arline car stopped, as testified to, and then proceeded forward, as it did, so far as responsibility for the accident is concerned, there would be in law no difference from what it is under a finding that it did not stop. To stop *Page 713 
before entering a right-of-way street but discharges half the duty imposed upon a motorist. This action must be followed by careful observance of traffic conditions on the right-of-way street and no entry thereon made unless conditions clearly warrant it. To fail to see what may be seen in such circumstances on casual inspection amounts to gross negligence, and loss or injury arising from such failure falls upon the guilty person or persons.
We quote with approval the following summation of facts and conclusions of the trial judge:
"It is our conclusion from this testimony that the accident was due entirely to the negligence of Mrs. Arline. The accident could not have happened if Line Avenue had been clear north and south of Olive Street, for the distances which the driver of a car stopping at the stop line would be able to see. It would have been impossible for the Alexander car to have travelled 692 feet while the plaintiffs' car was going about twenty or thirty feet at the rate of ten or fifteen miles per hour. The defendant under those circumstances would have had to travel about 300 miles per hour to have reached the point of contact, and Mr. Lacaze's speed would have had to be almost twice that fast to have reached the point of the impact if he had been out of sight at the time Mrs. Arline started across Line Avenue. The further physical fact destroying any evidence of great speed on the part of the Alexander car was the relative slight impact, which resulted in slight damage to both cars.
"Neither do we think that the defendant failed to maintain a proper lookout. According to his testimony he saw the Arline car about fifteen feet prior to its entrance into Line Avenue. The manner in which he attempted to bring his car to a stop and swerve to avoid the accident further corroborates his testimony that he was maintaining a proper lookout. Mr. Lacaze, who had a better view than Alexander, only saw plaintiffs car when it was about twenty feet from the intersection.
"While the doctrine of last clear chance is not specifically plead it is suggested in plaintiffs' petition and brief for the reason that if defendant had swerved a few inches further to his left he would have avoided the accident. The doctrine is not applicable in this case. A sudden emergency presented itself to Mr. Alexander, caused by the negligence of plaintiff, which together with the approach of the Lacaze car left him with only the option of trying to stop. This emergency was not created by defendant and the use of cool and deliberate judgment could not be expected of him even if plaintiffs theory that the accident would have been avoided by swerving further to the left was correct. Rogers v. F. Strauss Son et al. [La.App.], 194 So. 136, and Austin v. Baker-Lawhon Ford [La.App.], 188 So. 416.
"Counsel for plaintiffs has cited a number of cases allowing recovery where the plaintiff failed to stop at a right-of-way street, or where the plaintiff entered the intersection prior to the entry by the defendant who was on a favored street by reason of his approach from plaintiff's right. The first class of cases are not appropriate for the reason that they all involved negligence on the part of the driver on the favored street and here we are satisfied that there has been no negligence proven on the part of Alexander. Neither do we think the other class of cases are applicable, under the rule of prior entry, where that entry is preceded by a violation of the law with reference to stop signs on right-of-way streets. Particularly is this so where the driver on the right-of-way street arrives at the intersection at almost the same time as was the case here, and because of his application of the brakes the plaintiff preceded him into the intersection. Any other construction would put a premium on speed in getting to the intersection first.
"While it is true that plaintiffs' car had crossed more than one-half of the intersection at the time of the collision, this fact would not alone permit recovery. Particularly is that so in this case, where the defendant is entirely free from fault and had a right to rely on the compliance with the law by drivers approaching from the cross street."
The judgment appealed from is correct. It is affirmed with costs. *Page 714