The Buick automobile of Mrs. Fannie B. Heilperin, driven by her grandaughter, Miss Barbara Weiss, and the Plymouth sedan of A.A. Boggs, driven by him, collided on the easterly side of the intersection of Jordan Street and Highland Avenue, in the City of Shreveport, at about 10:45 p.m., October 31, 1944. Highland Avenue courses north and south while Jordan Street runs east and west. Traffic on Highland Avenue, by ordinance of the City, has right-of-way over that on Jordan Street, and, in addition, the ordinance provides that all traffic entering Highland Avenue shall come to a full stop before proceeding across. This ordinance was adopted prior to the time the City installed a semaphore signal light above the intersection. This light, however, was not operating when the collision occurred due to the lateness of the hour. Boggs was traveling north on Highland Avenue; Miss Weiss was traveling east on Jordan Street.
The Buick car was insured against loss from collision by the plaintiff in this case. This insurer paid to Mrs. Heilperin the necessary expenses incurred to restore her car to its former good condition, less $50 (deductible) as provided in the policy, or the sum of $111. She executed and delivered to plaintiff written subrogation of her rights and causes of action against any and all persons responsible for the damages resulting from the collision of the cars, and authorized the subrogee to sue therefor. Employing this act of subrogation as a basis, plaintiff instituted suit against Boggs to recover the total amount expended to repair the Buick car, or $161. The negligence of Boggs in the following respects is alleged to have been the sole and proximate cause of the accident, to-wit:
"(a) In failing to keep his automobile under proper control;
"(b) In failing to bring his automobile to a stop before striking the Buick automobile owned by Mrs. Heilperin;
"(c) In failing to keep a proper lookout;
"(d) In failing to observe the Buick automobile which had preceded him into the intersection;
"(e) In failing to observe the traffic conditions in the intersection;
"(f) In operating his automobile at too rapid a rate of speed."
Defendant denies all the charges of negligence attributed to him, and alleges that the accident happened solely because of the negligence of the driver of the Buick car, particularly in the following respects, to-wit:
"1. In failing to bring the said Buick car to a full stop before entering upon or attempting to cross Highland Avenue at Jordan Street;
"2. In failing to see that it was safe to cross Highland Avenue before entering into said intersection; *Page 632 
"3. In driving her automobile into the path of this defendant's oncoming car;
"4. In failing to either pull over or make any other effort to avoid the accident after seeing that a collision was imminent, or in the alternative, in failing to keep a proper lookout and see that a collision was imminent."
Defendant reconvened and sued plaintiff for the damages done to his car in the collision. This demand on exception of no cause of action tendered by plaintiff was dismissed. No appeal was prosecuted from the court's action. There was judgment on the main demand for defendant, and the suit was dismissed. The plaintiff appealed.
[1] Both Miss Weiss and Boggs were well acquainted with the intersection of the named streets and with the law regulating automobile traffic on and through it. The testimony of Miss Weiss clearly shows that she made substantial effort to observe the provisions of the ordinance as she approached the intersection. She testified that she stopped her car at and on the west side of the intersection, and seeing no traffic to her right (the direction from which Boggs was coming) she then proceeded slowly to cross it. Her sister on the seat by her side at the time is positive that the car was stopped before undertaking to cross the intersection. The trial judge expressed doubt that the car was stopped, as these girls earnestly believe, before undertaking to traverse the intersection. There is some basis for this conclusion. However, we think it not important, so far as legal responsibility for the collision is concerned, whether the car was or was not stopped. If the car was stopped and the driver looked for traffic to her right, as she says, no good reason existed for not seeing Boggs' car then coming toward the intersection, in plain view, down grade, not far away. She says she did not see it until her car had preempted the intersection. If she did not stop at all before entering the intersection, her negligence is the more apparent.
The view southerly from the western side of the intersection and for several car lengths beyond is unobstructed for practically a city block. There was no car approaching from that direction at the time, except that of the defendant and the lights of his car were burning brightly.
[2] Defendant could not say that the Buick car did or did not stop prior to crossing the intersection. He testified that he was driving at a moderate speed as he neared the intersection and at the usual distance therefrom he looked for traffic — first to his left, the direction from which Miss Weiss was coming — and then to his right, or easterly. When he looked to his left he observed the Buick moving at a slow rate of speed toward the intersection, and concluded that it was preparing to stop as required by law before attempting to cross over. He had the right to assume, in the light of the Buick car's movements, that it would stop. He again looked to his left and then observed the Buick car in the intersection. He was at the time a few car lengths from it. An emergic situation suddenly confronted him. He applied the brakes forcefully and cut sharply to his right in an effort to avoid a collision. The left front fender of his car struck the Buick a glancing blow on its right side, near the center, as it was leaving the East side of the intersection. Not one of the cars' occupants was injured to any extent.
Miss Weiss admits that after observing the Boggs car coming toward her she did nothing to avert the impending collision. Had she veered her car to her left the accident would most likely not have occurred, because the speed of the other car had been appreciably reduced and it was being held as closely as possible to the south curb of Jordan Street.
[3] Plaintiff mainly relies upon the contention that Miss Weiss had pre-empted the intersection at a time when she had a right to do so and that Boggs was legally required to respect her right of preemption. The undisputed facts remove all support from this contention.
[4] A motorist has the unquestioned right to drive into an intersection when not on a favored street only if traffic conditions on the favored street clearly warrant such action, and when he does this and an accident occurs from the careless acts of another motorist, such as excessive speed, the right of pre-emption protects him against liability for damages resulting therefrom.
In this case it cannot be said that Miss. Weiss acted upon the honest belief that she had ample time to enter and clear the intersection, because she admits not seeing the other car until she was nearly across the intersection. *Page 633 
[5] In cases of this character a motorist is deemed to have seen that which by the exercise of usual and ordinary care he could have and should have seen. We are disposed to believe that the two occupants of the Buick car, after having driven their parents to the railway station to catch a train, were casually talking when they approached the intersection and observing that the traffic light was not functioning, the hour being late, and very light traffic prevailing, the driver unthoughtedly entered the intersection without exercising the care and precaution always to be observed under such conditions.
Appellee cites the case of Ferris v. Quinn, La. App.,21 So.2d 106, to support its contention that Miss Weiss legally pre-empted the intersection. The facts of that case are substantially dissimilar to those of the present case.
[6] We have been favored by well written opinion of the trial judge in which he discusses and resolves the questions of fact in the case. We fully agree in the conclusion reached by him that the defendant was free of negligence as a factor or contributing factor to the accident; and, so agreeing, for the reasons herein given, we affirm the judgment from which appealed.
KENNON, J., takes no part.