This suit results from an automobile collision involving plaintiff's automobile, driven at the time by his wife, and the automobile driven by defendant, which took place at the intersection of Highland Avenue and Herndon Street in the City of Shreveport, at or about the noon hour on October 5, 1945. After trial, plaintiff's demands were rejected, from which judgment plaintiff prosecutes this appeal.
At the time of the accident, Mrs. Butler was driving a Chevrolet Coupe north on Highland Avenue, and the defendant was driving his Buick Sedan cast on Herndon Street. Highland Avenue is a right of way street, and traffic on Herndon Street, by city ordinance, is required to come to a stop before entering the intersection with Highland. The material allegations of plaintiff's petition are to the effect that defendant carelessly and negligently failed to observe the stop sign on Herndon Street, drove his automobile into the intersection of Highland without coming to a stop, without maintaining a proper lookout for traffic on Highland Avenue, and failed to exercise the last clear chance of avoiding a collision with plaintiff's car. These allegations are denied by defendant, and, in the alternative, defendant charged the driver of plaintiff's automobile with contributory negligence in operating the said vehicle at an excessive rate of speed in the neighborhood of 50 miles an hour; with failing to maintain control of said vehicle, and with failing to maintain a lookout for vehicles entering the intersection. It is also contended on behalf of defendant that he had pre-empted the intersection and that the accident was proximately caused by failure of Mrs. Butler to observe such preemption and take proper precautions to avoid a collision.
The drivers of the two automobiles involved were the only witnesses to the accident, and, as might be expected, their testimony is in violent conflict. It is therefore necessary to look to the physical circumstances surrounding the accident and to the testimony of parties and witnesses to such physical surroundings in the attempt to resolve the question of liability presented in this case.
No obstruction to the view of either party to the accident existed at the time thereof. Defendant testified that he saw plaintiff's car at a distance of some block or block and a half from the intersection; that he came to a stop, then, looking in the opposite direction and finding Highland Avenue clear of traffic, he proceeded into the intersection, and did not again observe the approaching automobile driven by plaintiff's wife until almost the moment of the impact. It is clear from defendant's testimony that his estimate of the speed of the other vehicle was a conclusion, and it is further evident, from the facts which we now proceed to set forth, that said conclusion was erroneous.
[1] The testimony of all witnesses as to the location of the respective automobiles after the accident clearly defines said location as being within the intersection of the two streets and almost entirely within the northeast quadrant thereof. Since the testimony establishes the exact point of impact as being almost at the center of the intersection, it is inconceivable that either car could have been traveling at an excessive rate of speed, since both came to a complete stop within, at most, a car length of the point of impact.
The damages to plaintiff's car were principally to the left front portion thereof, while defendant's car sustained its principal damage at the right front part thereof.
[2, 3] The only disinterested witness was a traffic officer of the Shreveport Police Department, who answered the call to the scene of the accident and reached the location thereof shortly after the actual collision. This officer testified that defendant told him he did not come to a complete stop at the intersection, but observing it to be clear of traffic, slowed down, changed gears and proceeded across Highland Avenue. This was denied by defendant, *Page 756 
who testified that he did come to a complete stop. However this may have been, we cannot escape the conclusion that defendant's negligence was the proximate cause of the accident. If, as he testifies, he saw the car approaching from his right, on a favored street, it was his duty to maintain a careful lookout as to any change in the location or speed of such approaching vehicle which might have prevented his unimpeded crossing of the intersection.
[4, 5] Defendant's claim that he pre-empted the intersection is not substantiated. The point of the impact and the location of the cars immediately after the collision negatives this claim. The facts indicate that the two cars must have entered the intersection at approximately the same time. Pre-emption of an intersection, under the principles established by our jurisprudence, does not mean the prior entry of a vehicle simply by a matter of a few feet, or, in relation to the time element, by a fraction of a second ahead of another vehicle, but, in order to support a charge of negligence, such pre-emption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under normal and reasonable circumstances and conditions. Where the intersection involves the passage across a favored thoroughfare, an obligation of unusual care and caution upon the driver of vehicles on the less favored thoroughfare should be enforced.
[6, 7] The charge of excessive speed on the part of the driver of plaintiff's car was not sustained, and the only evidence which would justify a conclusion as to the contributory negligence of the driver of such vehicle would be that the movement of defendant's car into the intersection should and could have been observed in time to permit the avoidance of the accident. But, such a conclusion is not justified under the circumstances, and this Court has frequently held that the driver of a vehicle on a favored street, observing a car either slowing down or stopped at the intersection of a crossing street, has the right to rely upon the assumption that such driver will not proceed into the intersection until the vehicle on the favored street has passed. The latest expression of this principle is found in the case of Firemen's Insurance Company v. Boggs, La. App.,23 So.2d 630.
In accordance with well-established principles, we have accorded thorough consideration to the finding of our distinguished brother of the district court, but we are regretfully forced to the conclusion, after a careful examination of the testimony bearing on the facts of this matter, that he erred in his judgment.
Accordingly, the judgment appealed from is reversed and set aside, and there is now judgment in favor of plaintiff and against the defendant in the full sum of $168.49, with interest thereon at the rate of 5% per annum from date of judicial demand until paid, together with all costs.
 On Application for Rehearing