JONES, Judge ad hoc.
This is a suit in damages by the plaintiff for the recovery of Fifteen Thousand ($15,000.00) Dollars for personal injuries suffered by him as the result of a collision of a motor scooter on which he was riding and a jeep driven by Calvin Langlinais, who, it is alleged, is the minor son of vVally Langlinais, the owner of said jeep. Both the owner and the driver are made defendants herein. The district court rejected the plaintiff’s demands and he has perfected this appeal.
The allegations of the petition show that on the 26th day of October, 1947, between the hours of five and six o'clock P.M., the plaintiff was operating a two-wheel motor scooter on Cushing Avenue in the Town of Kaplan, Louisiana; that the said Cushing Avenue runs in a northerly and southerly direction and is divided by a neutral ground; that plaintiff was driving on the western lane of said Cushing Avenue in a southerly direction, approaching the intersection of the said western lane by Third Street; that as the said plaintiff approached the intersection he observed the jeep, being operated by the defendant Calvin Langlinais, stop between the neutral grounds on Cushing Avenue, near the intersection of Cushing Avenue with Third Street; that said jeep was facing in a westerly direction; that as petitioner entered the said intersection the defendant, Calvin Langlinais, suddenly and without any warning drove the jeep into the intersection and it was impossible for the plaintiff to swerve around said jeep and the resultant injury, was caused which forms the basis of this suit.
The answer admits that the jeep was driven by Calvin Langlinais; that it was parked immediately north of the silent policeman in the center of the intersection, just prior to the collision; that said car stopped at first to permit another car to pass, going in a southerly direction along the western lane of Cushing Avenue; that after this car passed the defendant released the clutch on the jeep and traveled the distance of approximately four feet, when he .noticed the scooter approaching the intersection from the north and then immediately stopped the jeep to permit the scooter to pass; that when the said jeep was stopped for the second time it was not more than one foot into the western traffic lane of Cushing Avenue and when it stopped the. scooter was more than thirty feet north thereof. Consequently, defendant answers that Calvin Langlinais, under the circumstances, was guilty of no negli *236 gence in failing to keep a proper lookout as there was over forty feet of open road in front of the jeep. The answer further sets forth that the plaintiff was guilty of negligence in failing to observe and see the stopped jeep and, further, failing to avoid the impending accident.
The facts established on the trial of the case show that Cushing Avenue is a boulevard which runs in a northerly and southerly direction, having a wide neutral ground in the center thereof and having traffic lanes on both its east and west side. Immediately preceding the accident, the plaintiff was traveling south on Cushing Avenue, in the west traffic lane, and the defendant, Calvin Langlinais, was traveling north on said Cushing Avenue in the east traffic lane. When Calvin Langlinais came to the intersection of Cushing Avenue with Third Street, he. made a left turn and stopped some three feet north of a silent policeman, which silent policeman is equidistant from the ends of the neutral ground on the north and south edge óf Third Street and in the center of thé intersection. The évidence shows that Cushing Avenue is a right-of-way street, having been made so by ordinance of the Town of Kaplan. While Calvin Langlinais was stopped in the jeep, two automobiles passed going south on Cushing Avenue and when these cars passed he released the clutch and moved some few feet and stopped again with the front of the jeep protruding into Cushing Avenue a distance of about one foot. When he stopped the second time the scooter ridden.by the plaintiff was some twenty to twenty-five feet away and just entering the intersection. For some reason, which is not absolutely clear from the- evidence, the scooter began to veer to its left, or in a southeasterly direction, and ran into the jeep, hitting the bumper and fracturing the plaintiff’s leg.
There is no question but what the scooter was traveling at a slow rate of speed' because the plaintiff remained seated thereon after the impact, and it is difficult to understand how such a slight impact could have occasioned such a serious injury. While we have heretofore stated that the evidence does not reflect with certainty why the scooter veered immediately prior to the accident, yet it does show that the veering of the scooter was caused by one of two things; namely, that the plaintiff was attempting to look around a corner, veered the scooter and ran into the jeep as a result thereof, or that he intended to proceed in a southeasterly direction and go into Third Street, the direction of his home, and (not keeping a proper lookout) came too close to the parked jeep and thereby ran into it.
We are of the opinion that the evidence in this case unqualifiedly shows that the jeep was stopped in the intersection with the front of said jeep about one foot in the western lane of Cushing Avenue, and that it was so stopped immediately prior to the accident and at a time when the scooter entered the intersection a distance from said jeep of twenty to twenty-five feet. When Calvin Langlinais drove the' jeep one foot into the western lane of Cushing Avenue he was guilty of negligence but this was not the negligence that was the proximate cause of the accident. The stationary jeep, protruding one foot into the western lane of Cushing Avenue, did not, under the circumstances, create an emergency. The plaintiff, at that time, was some twenty to twenty-five feet away and had he continued in a straight course, south on Cushing Avenue, this accident would not have happened. However, he did not continue in a straight course but veered to his left, or in a southeasterly direction, at which time he was not keeping a proper lookout and it was the veering of the motor scooter, together with plaintiff’s failure to keep a proper lookout, that was the proximate cause of this accident.
We have examined the cases cited by counsel for the plaintiff, namely: Scruggs v. V. Frank Lynn Co., Inc., La.App., 6 So.2d 86; Butler v. O’Neal, La.App., 26 So.2d 753; Austin v. Baker-Lawhorn & Ford, La.App., 188 So. 416; and Hero v. Toye Bros. Yellow Cab Co., La.App., 19 So.2d 887, but we do not believe the facts in those cases are applicable to the facts herein presented. In these cited cases, *237 the facts show that the driver on a right-of-way street has the right to rely on the assumption that the driver on the less-favored street will not proceed into the intersection until the vehicle on the favored street has passed. It is further shown by these cases, however, that the driver on the less-favored street actually proceeded out into the intersection and created an emergency and the driver on the favored street had no time to do anything except collide with the vehicle that had entered from the less-favored street. The facts in this case are quite different from the above-cited cases, for the reason that no emergency was created under the circumstances, and the' plaintiff actually deviated from his original course and, without keeping a proper lookout, ran into the jeep which was stationary.
The facts of this case convince us that the negligence of the plaintiff was the proximate cause of this accident and the judgment of the district court will be affirmed. Plaintiff to pay all costs of this appeal.