HARDY, Judge.
Plaintiffs, a commercial partnership and Grover H. Britt, one of the members thereof, individually, bring suit for the recovery of damages sustained as the result of an automobile collision with a truck owned by defendant, Mitchell, and operated by his employee. The partnership sues for the sum of $817.85 represented to be the value of the pick-up truck driven at the time by Grover H. Britt, which is alleged to have been destroyed by the collision. Grover H. Britt, individually, seeks recovery of the sum of $4,546.06 for personal injuries sustained. The insurer of the defendant, Mitchell, owner of the truck, is joined as a party defendant.
After trial there was judgment in favor of defendants rejecting the plaintiff’s demands, from which plaintiffs have appealed.
The accident which is the 'basis of the suit occurred about 1:2(j P.M. on May 17, 1950, at the intersection of Fairfield Avenue and Ockley Drive in the City of Shreveport, Caddo Parish, Louisiana. The usual allegations of negligence are made against the driver of defendant’s truck, namely, that he was driving at an excessive rate of speed; failing to keep the proper lookout; failing to keep his vehicle under control; and driving across the center line of the street. Defendants generally and specifically deny plaintiff’s allegations of negligence and aver the sole and proximate cause of the accident to be due to the acts of plaintiff in negligently attempting to make a left hand turn into a preferential street without making proper observation of approaching traffic. Alternatively, contributory negligence is charged against plaintiff.
At the time of the accident Grover PI. Britt was driving a pick-up truck belonging to the partnership, of which he was one of the members, east on Ockley Drive. On approaching the intersection with Fairfield Avenue, ■ a north and south right-of-way thoroughfare of the City of Shreveport, plaintiff testified that he stopped his vehicle, made observation in both directions on Fairfield Avenue, perceived the Chevrolet truck of defendant, Mitchell, a block away *865 to the north on Fairfield Avenue, proceeded to enter Fairfield, made a left hand turn, and was struck by the Mitchell truck which suddenly crossed the center line of Fair-field Avenue and crashed into1 the side of plaintiffs truck. Plaintiff contends that he had completed his left-hand turn and that the accident occurred solely because of the fault and negligence of the driver of defendant’s truck, who was proceeding at an excessive rate of speed and who turned across the center line of Fairfield.
The testimony reflected by the record is hopelessly contradictory. Plaintiff’s version is stoutly denied by the driver of defendant’s truck and a passenger, who testified that the vehicle was proceeding south on Fairfield Avenue at a speed of some 20 miles per hour, more or less; that when they were some 12S feet north of Ockley Drive they observed plaintiff Britt slow down his truck as if to stop before entering the intersection; that plaintiff did not stop but drove into Fair-field Avenue immediately in front of defendant’s truck at about the time the said vehicle had reached the north intersection line of Ockley Drive. These witnesses further testified that the driver of defendant’s truck attempted to avoid the collision by turning to the right, but in vain.
This case involves exclusively the resolution of a question of fact. In view of the irreconcilable conflict of testimony as between the drivers of the vehicles involved, it is necessary for us to give careful consideration to the testimony of other witnesses and to the physical facts and circumstances surrounding the scene of the accident. The police officer who was first on the scene after the collision testified that the impact occurred almost at the center of the intersection. This conclusion was based upon observation of skidmarks and the deposit of debris in the street. It is further to be noted from testimony with respect to the damage suffered by the two vehicles that plaintiff’s truck appears to have been struck full upon the left hand side. This is further borne out by the testimony that the damage to’ defendant’s truck was inflicted upon the entire front end thereof.
Plaintiff attempts to meet these points, with testimony supporting his position, that the impact was not full and frontal but glancing,' in other words, that defendant’s truck, swerved across the center line of Fairfield Avenue and swiped plaintiff’s vehicle along its left side, the impact growing more pronounced and forceful toward the rear of plaintiff’s truck. It is urged that the damage to the full front of defendant’s truck was caused not solely by the impact but as the result of turning over following the collision. We do not think, nor did the District Judge, that this view of the accident is tenable and, on the contrary, we are convinced that plaintiff could not have completed his left hand turn. There is nothing in the record which serves to establish an excessive rate of speed on the part of defendant’s truck.
The only reasonable conclusion is that plaintiff, Britt, drove his truck into a right-of-way thoroughfare and attempted to execute a left hand turn, which has been many times designated as a most dangerous maneuver, in the path of defendant’s approaching vehicle at a time when clearance could not be effected. The case of Arline v. Alexander, La.App., 2 So.2d 710, in which Judge Taliaferro was the organ of the court, appears to us to be determinative of the question of liability. We do not think plaintiff discharged his legal duty, and his entry into a right-of-way street under the circumstances was clearly an act of negligence which was the sole and proximate cause of the collision.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
KENNON, J., not participating.