GLADNEY, Judge ad hoc.
This is an action by the Louisiana Fire Insurance Company, the liability insurer and subrogee of Manuel Hickman, against C. Tramontana and his liability insurer, United States Casualty Company, for the purpose of recovering $608.53 in damages suffered by Hickman’s truck when it was involved in a collision with a truck owned by Tramontana.
Tire accident occurred in the Town of Leicompte, Louisiana, on the night on November 14, 1949 at ten o’clock, in the intersection of Hardy and Ford Streets. The Hickman truck was a Ford 1948 stake body truck, and, at the time of the collision, was being driven by James" C. Hickman, a son of the owner. He was accompanied by three other young men, all being seated in the cab of the truck.
The Tramontana truck was an International 1947 enclosed truck. It was being driven -at the time aforesaid 'by Louis Noel, a Negro, and he was .accompanied by S. Mar-torano. The occupants of the two trucks were the only witnesses called upon to tell the circumstances surrounding the collision.
It was brought out that James C. Hickman had been attending 'a picture show, and had entered the Ford truck, which was parked on Hardy Street about a block and a half south of the intersection with Ford Street. From this point he proceeded north along Hardy Street, traveling on the right side of, but nearer to the center line of said street. When opposite the middle of intersecting Ford Street, the Ford truck was struck at its right front door by the International truck, which was moving westward. The force of the impact was such that the Ford truck was overturned completely, coming to rest upon its wheels on the left side of Hardy Street, about forty feet distant from the place of collision The International truck remained after the ■crash approximately at the point of impact.
Appellant alleges that the driver of the International truck was negligent in three particulars, in that he failed to stop before entering upon a right-of-way street, was driving at an excessive rate of speed, and failed to maintain a proper lookout, and that such 'acts were the sole and proximate cause of the accident.
On the other hand, appellees maintain that responsibility for the accident was due to negligence of James C. Hickman, the driver of the Ford truck, in that he was *225 driving at an. excessive rate of speed, in that he failed to observe the Tramontana truck when it was moving slowly into the intersection, and that after the Tramontana truck was brought to a complete stop, Hickman had an opportunity to pass to his left which, due to his negligence, he failed to do. In the alternative, appellees have pleaded contributory negligence.
The judge a quo, without assigning written reasons, rejected plaintiff’s demands, giving rise to this appeal.
There is some evidence to indicate that the corner from which the Tramontana truck emerged was blind, that is, there exists close to both streets on the southeast corner a restaurant and bar. Mr. Mar-torano, a witness who was seated in the International truck, described the corner as such, and stated that an automobile was parked on Hardy Street in front of the bar. He testified that he knew Hardy Street was a right-of-way street, that the driver of the truck he was in stopped upon arriving at Hardy Street and pulled off, and then when they saw the Hickman truck coming they stopped again. He said when first stopped he couldn’t see anything from that corner, so Noel drove into the intersection at a speed he described as “crawling” and when he saw the other truck up the block, proceeding at a speed Martorano estimated at fifty miles per hour, Noel brought the International truck to a stop.. At this point he states the International truck had gone into the intersection a distance of six feet, and while so stopped, he says the collision took place, the front of the International truck being struck by the right fender of the other truck. The Tra-montana truck had its radiator knocked completely off.
Louis Noel’s testimony is about the same as that of Martorano as to the blind corner, -as to stopping and pulling off, the speed of the Hickman truck, and to the effect that the front ends of both trucks were damaged.-
The four young men in the Hickman truck, with the exception of Arnold Cross, testified that they did not see the Internar tional truck prior to the collision, or only at the instant of the impact. Cross said he saw the other truck just before .it struck. None of these witnesses estimated the speed of the Ford truck. However, there is nothing to indicate an excessive speed, but on the contrary the short distance — a block and a half — traveled from the parking spot, and the activity of the Ford truck after the collision, are circumstances which have convinced us that the speed was reasonable. Pictures produced in evidence plainly show the Ford truck was struck on the side at a locus between the stake body and the front fender. Various views of the Ford truck reveal its front undamaged save the hood which is crushed in on the top and was caused, no doubt, when the truck rolled over making a complete overturn. The right door was badly mashed and dented and its glass broken. From this evidence the only logical conclusion is that the Tramontana truck was moving when it collided with the Hickman vehicle.
Introduced in evidence was a provision of the traffic ordinance of the Town of Lecompte. Section 4 thereof designates Hardy Street a right-of-way street, requiring traffic, entering this street to exercise caution and come to 'a full stop before entering or crossing.
The contentions of -appellant and appel-lees resolve the issues into first, whether the speed of either car was a contributing factor to the accident; second, whether vel non, the driver of the Tramontana vehicle observed the traffic ordinance governing the entry of such vehicle into Hardy Street, the favored thoroughfare, and, third, the plea of contributory negligence.
The speed of the Hickman truck does not appear to -have been excessive and, in our opinion, was not a contributing factor to the collision. This we infer first from the short distance, only a block and a half, traveled 'by young Hickman from his parking spot to the point of impact; second, from the short di-stance, forty feet, the Ford truck moved after being struck and,■third, from the manner of its turning over when struck. All these circumstances are only consistent with reasonable speed. Nor does it appear that the International truck was traveling at a speed which could be *226 regarded as excessive and a contributing factor to the collision.
The evidence, and especially the physical condition of the Hickman truck as shown in the photographs of it, is convincing that appellee’s driver failed to conform to his legal duty to stop and exercise caution before entering or crossing the right-of-way street. This court has often stated our conception of this duty. In Arline v. Alexander, La.App., 2 So.2d 710, 712, Judge Taliaferro said: “In passing, it is apropos to say that had the Arline car stopped, as testified to, and then proceeded forward, as it did, so far as responsibility for the accident is concerned, there would be in law no difference from what it is under a finding that it did not stop. To stop before entering a right-of-way street but discharges half the duty imposed upon a motorist. This action must be followed by careful observance of traffic conditions on the right-of-way street and no entry thereon made unless conditions clearly warrant it. To fail to see what may be seen in such circumstances on casual inspection amounts to gross negligence, and loss or injury arising from such failure falls upon the guilty person or persons.”
Because of the heavy damage to the right side of the Ford truck, we seriously doubt that the International truck came to a full stop before entering Hardy Street. But if we concede this point, arguendo, Noel erroneously concluded that it was safe for him to cross' to the opposite side of Hardy Street, and by so doing responsibility for the accident must be fastened upon him. It was night ■ and the headlights of both trucks are shown to have been burning. Martorano and Noel each testified he observed the approaching lights of the Hickman vehicle only after they were entering the intersection. Ordinary prudence required from Noel a careful observation of any approaching vehicle on Hardy Street and the duty of yielding to it the right-of-way and not entering unless conditions clearly warranted. In our opinion, the manner in which the International truck emerged from Ford Street and entered Hardy Street constituted the sole and proximate cause of the collision.
The plea of contributory negligence is not well founded. It is based upon excessive speed attributed to the Hickman truck and alleged failure of young Hickman to maintain a proper lookout. As heretofore stated, we find the Hickman truck was not being driven at an excessive rate of speed. The driver of the Hickman vehicle testified he did -not see the other truck before the collision, but we do not think his failure to do so was due to not maintaining a proper lookout, reaching this conclusion because of the sudden entry of the International truck into the intersection with physical results indicative of either a failure to stop or failure to observe due care towards the approaching vehicle from his left.
Another contention of appellees, that Hickman should have avoided the accident when he had an opportunity to do so, is an attempt to invoke the doctrine of the last clear chance to the facts of this case. The facts as hereinabove related are opposed to this contention and we find it without merit.
For the reasons herein assigned, we con-' elude that the collision giving rise to this suit for damages was caused by the negligence of the driver of the Tramontana truck in failing to discharge his duty when he drove his truck into favored Hardy Street, either by not coming to a full stop as- required by the ordinance, or by failing to give careful observance to traffic conditions on Hardy Street and make no entry thereon unless conditions warranted it. These omissions were the sole and proximate cause of the accident.
The alleged quantum of damages incurred is conceded to be correct. It follows, therefore, that the judgment appealed from should be and it is hereby reversed and judgment rendered herein in favor of the Louisiana Fire Insurance Company, and against C. -Tramontana and United States Casualty Company, in solido, in the sum of $608.53 with legal interest thereon from date of judicial demand until paid; appel-lees to pay all costs, including costs of the appeaL
KENNON, J., not participating.