McINNIS, Judge.
"The demand in this case results from a collision of a 1942 Chevrolet sedan belonging to plaintiff or the community, and a Studebaker automobile owned by and being driven by Ed Saucier. Travelers Insurance Company, Saucier’s public liability insurer, is also made a defendant.
The accident occurred in Monroe, Louisiana, where College Avenue is intersected by DeSoto Street. College Avenue runs north and south. It consists of two asphalt paved lanes of travel, each about ten feet wide, separated by a neutral strip eight to ten feet wide, on which shrubbery is growing. DeSoto Street has a gravelled surface and is considered inferior to College Avenue. Plaintiff was driving north in the east lane and Saucier was driving south in the west lane. The neutral strip is separated at DeSoto Street to allow traffic moving north to cross over it, and the surfaced west lane to gain entrance to DeSoto Street. When plaintiff reached DeSoto Street she turned left across the neutral strip and had the front end of her automobile entering De-Soto Street when it was struck near the middle of its right side by the front end of Saucier’s automobile, and went in the ditch on the west side of College Avenue several feet, away from the point of impact. The Saucier automobile remained about where it struck plaintiff’s automobile.
Plaintiff alleges that she was driving along College Avenue at a moderate rate of speed, and when she turned and crossed the neutral strip of ground she stopped and looked to the north and saw no automobiles moving south on the west side of College Avenue, so she proceeded to drive across to get on DeSoto Street and was nearly out of the intersection when her automobile was struck by the one Saucier was driving, totally wrecking the sedan she was driving and severely injuring her. She alleges that Saucier was operating his automobile in a careless manner at a speed of about 55 miles an hour, and was not keeping a proper lookout, and that he is about 75 years old, is deaf and wears a hearing aid, and his vision is impaired, and that it is negligence per se for, persons so handicapped to drive automobiles. That she was free from negligence and the collision was caused solely by the negligence of Saucier. Other allegations of the petition set up the *149 items of damage claimed, totaling $47,-512.
Defendants answered denying all the acts of negligence charged to Saucier, and pleading in the alternative, that if he should be found guilty of any negligence, that plaintiff was guilty of contributory negligence in the following particulars:
“A. In failing to maintain a proper lookout.
“B. In making a' left turn at the intersection of DeSoto street with College avenue directly in the path of the oncoming car of Saucier.
“C. In not yielding the right-of-way to Ed Saucier. In this connection, aver that Saucier was traveling straight ahead in a southerly direction on College avenue at a speed of 20 to 25 miles an hour and that De-Soto street connects with College avenue forming a T at the place of the impact with DeSoto street commencing or terminating at College avenue; that it connects with College avenue from the west and plaintiff was, therefore, attempting a U turn as she had been traveling in a northerly direction on College avenue and made a left turn into the east, (west) lane of traffic.
“D. In failing to give any signal that she intended to make a left turn.
“E. In failing to keep her automobile under proper control.
“F. In committing other acts of negligence which will be shown on trial of the case.”
After trial on the merits, the district judge, assigning written reasons, rejected the demands of the plaintiff, from which judgment a devolutive appeal is prosecuted.
Plaintiff, Saucier and his 15 year old grandson, Donald Saucier, are the only-eye witnesses. Plaintiff, testified, as she had alleged, that she turned west across the neutral ground, stopped and looked north and saw no traffic moving south, so she proceeded across the west lane of College avenue without looking again, and never did see the automobile that collided with her automobile and only knew of its presence in the intersection by the impact. Not having seen the Saucier automobile she could not estimate its speed, other than by the force of the impact, from which she thinks it was being driven at an excessive rate of speed.
Saucier and his grandson say the Sau-. cier automobile was being driven at a speed of 20 or 25 miles an hour, and that plaintiff in undertaking the left turn drove in front of the Saucier automobile when it was only 15 feet away and that there was no way to avoid the collision. Defendant Saucier admitted he was hard of hearing and at times wore a hearing aid, and he always wears glasses, with the aid of which he sees well. He is 75 years old.
Marvin L. Spangler, the Police officer who made the investigation of the accident says the collision, as shown by physical signs, happened in the center of the west lane of College avenue. The automobiles had not been moved when he arrived. The Saucier automobile was approximately at the point of impact and plaintiff’s automobile was a few feet away with the front end in the ditch against a telephone pole and the back end was on the shoulder of the street. Plaintiff’s automobile was struck on the door on the right side and toward the back. It was not demolished but the right side was caved in, and the front end of Saucier’s automobile was mashed in a little.
Of the many cases cited by plaintiff, only one appears similar to the case we are considering. That case is Firemen’s Insurance Co. v. Boggs, La.App., 23 So.2d 630, where plaintiff as subrogee sued to recover the amount it had paid out for repair of the automobile of its insured, and judgment went in favor of defendant. To cite and distinguish the other cases mentioned in plaintiff’s brief would serve no useful purpose.
We find no difficulty in reaching the conclusion that the fact that Saucier had to wear glasses in order to see, and that his impaired hearing, had nothing to do with the happening of the accident. We find also that his speed was not excessive.
Plaintiff was undertaking a left turn from one street to another. Our courts *150 have so many times held that this is a dangerous maneuver, not to he undertaken until the motorist has ascertained that it can be made in safety, that citation of authority to this effect is unnecessary. Plaintiff either did not stop and look, or else she failed to see the approaching automobile when she should have seen it.
We are of the opinion, as was the district judge, that the proximate cause of the accident and resulting damage, was the failure of plaintiff to see Saucier’s automobile when it was bound to have been there for her to see, if she had looked.
For the above reasons the judgment appealed from is affirmed at the cost of plaintiff, appellant, in both courts.