67 So.2d 146 (1953)
McMORRIS
v.
WEBB.
No. 3703.
Court of Appeal of Louisiana, First Circuit.
June 30, 1953.
Rehearing Denied September 15, 1953.
*147 Wm. M. Dawkins, Denham Springs, for appellant.
Erlo J. Durbin, Denham Springs, for appellee.
HOFFPAUIR, Judge ad hoc.
This is a suit for property damage and medical expenses resulting from an automobile collision which happened March 11, 1952 in Livingston Parish, Louisiana. Defendant had been traveling in a southerly direction along a road which joined Louisiana Highway No. 103. He executed a left turn onto highway and almost immediately thereafter was struck by plaintiff's wife driving the family automobile in a westerly direction along the highway. It is alleged by plaintiff that the negligence of defendant in executing the left turn was the proximate cause of the accident.
Defendant denies any negligence and pleads contributory negligence as a bar to *148 plaintiff's recovery. Defendant also reconvenes asking for damages for personal injury and property damage.
The trial judge held in favor of the plaintiff then granted an award in the amount of $386.43, together with legal interest from the date of judicial demand until paid and dismissed the defendant's reconventional demand at his cost.
From the record it is clear that the road from which defendant had turned, referred to by all parties as the "Bend Road", does not cross Highway No. 103 but enters it from a northerly direction. One traveling southerly along the Bend Road, therefore, finds a dead end when reaching the highway. It is equally clear that the defendant approached Highway No. 103 along the Bend Road, did not stop to ascertain whether he could safely turn into the highway before executing a left turn onto it, even though, by his own testimony, he stated that he saw the plaintiff's car approaching approximately 150 yards away. Defendant had almost completed the turn before the collision as his own testimony shows that he was "almost straight" when the accident happened. We can reach no other conclusion but that the defendant deliberately executed a left turn from this side road onto the main road directly into the path of oncoming traffic which he had observed before making the turn. That the collision happened is evidence enough that he did not have time to complete the turn. Such conduct constitutes gross and culpable negligence.
The rule in such cases can be seen in Arline v. Alexander, La.App., 2 So.2d 710, 712, with the following language:
"To stop before entering a right-of-way street but discharges half the duty imposed upon a motorist. This action must be followed by careful observance of traffic conditions on the right-of-way street and no entry thereon made unless conditions clearly warrant it."
Also, in Trahan v. Lantier, La.App., 33 So.2d 136, 138, this court had the opportunity to examine the case which presented quite similar facts to the instant one. The following language was used to express the court's opinion:
"In our opinion, the proximate cause of the accident was the negligence of the defendant in driving his truck out of the side road into the highway in front of the oncoming car driven by Comeaux, without looking and taking the necessary precautions to accord Comeaux the right of way."
Under the circumstances we must conclude that the defendant was negligent and that his negligence was the proximate cause of the accident. The defendant has pleaded contributory negligence as a bar to recovery and has reconvened for the damages he sustained. Because of the negligence of the defendant we cannot grant an award on the reconventional demand. Furthermore, we do not believe that the conduct of the plaintiff's wife constituted contributory negligence. The road upon which the accident happened and the road from which defendant had turned were gravel. There were no markings to indicate the number designation and there were no stop signs. However, the road the plaintiff's automobile was traveling was straight and the testimony shows was more often used than the road from which defendant had turned. The plaintiff has adequately established by the testimony of people who live in the vicinity that Highway No. 103 was considered as the "main road." Both plaintiff's wife and the defendant were familiar with the territory and we express no doubt that they both accepted Highway No. 103 as the main road. And as the main road, it was the favored road. Butler v. O'Neal, La.App., 26 So.2d 753. Accordingly, plaintiff's car was enjoying the right of way at the time of the accident.
Thus proceeding the driver of plaintiff's automobile did not have to stop *149 at the junction. She had the right to assume defendant's car was going to stop before entering the main road. Harrell v. Goodwin, La.App., 32 So.2d 758; Arline v. Alexander, supra, Butler v. O'Neal, supra. As a matter of fact, plaintiff's wife testified that she saw defendant's truck approaching on her right and slow up as if to stop and just as she was entering the intersection, defendant immediately picked up speed and drove his truck out into the intersection and tried to turn up the highway across the line of her approach. The defendant stated that he thought he had time to make it before plaintiff's wife entered the intersection.
It is urged in brief that defendant had preempted the intersection and therefore enjoyed a right of way privilege. Unquestionably, defendant did reach the main road and turn onto it before plaintiff's car reached the entrance to the side road, but we do not believe that this is a preemption which would, as a matter of law, give the defendant the right of way. In Butler v. O'Neal, supra [26 So.2d 756], the court viewed a similar contention with the following observation:
"Pre-emption of an intersection, under the principles established by our jurisprudence, does not mean the prior entry of a vehicle simply by a matter of a few feet, or, in relation to the time element, by a fraction of a second ahead of another vehicle, but, in order to support a charge of negligence, such pre-emption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under normal and reasonable circumstances and conditions. Where the intersection involves the passage across a favored thoroughfare, an obligation of unusual care and caution upon the driver of vehicles on the less favored thoroughfare should be enforced."
Counsel for defendant placed emphasis on the fact that the collision happened on defendant's side of the road and had plaintiff's wife veered to the right more the accident would not have happened. The record is not clear as to just what spot on the road the collision occurred. However, we do not think this is important in view of the fact that the plaintiff's car was in the process of stopping in an effiort to avert the accident. The driver was met with a sudden emergency and the only option left open was to try to stop. The fact that she did not turn right is not of itself negligence. Arline v. Alexander, supra.
Plaintiff has asked for the recovery of $25 allegedly spent for medical services necessary as a result of an injury sustained in the accident. We are unable to find in the record any proof that this expense was incurred. Accordingly, we cannot permit a recovery for that item.
Therefore, the judgment of the trial court is amended insofar as it has allowed the recovery of $25, but is sustained so far as permitting all other relief requested.
Judgment is accordingly rendered in favor of the plaintiff and against defendant in the full sum of $361.43, together with legal interest from the date of judicial demand. Appellant is to pay all costs of this appeal.
Judgment amended and as amended affirmed.