GLADNEY, Judge.
Carl I* Morris and his liability insurance carrier, Firemen’s Insurance Company of Newark, New Jersey, instituted this suit against Bruce H. Weaver and his insurer, Traders & General Insurance Company, for the purpose of recovering damages sustained in a collision of his autqmobile, a Cadillac, with that of a Buick owned by Weaver. The scene of the accident was at the intersection of Ardis and Savage Streets in the Town of Oil City. The instant suit was consolidated with one brought by Weaver against Morris and his insurer for damage inflicted upon the Buick automobile in the same accident.
Following a trial of the consolidated cases judgment was rendered in favor of Weaver in his suit against Morris, and the demands of the latter against Weaver were rejected in the instant suit. From the judgment so rendered Carl L. Morris and Firemen’s Insurance Company of Newark, New Jersey, have perfected appeals.
On August 25, 1953, at or about 11:30 A.M., Morris was proceeding south on Ardis Street. He alleges that when he arrived at Savage Street he brought his vehicle to a stop and then attempted to execute a right turn into Savage Street for the purpose of proceeding in a westerly direction when he observed Weaver’s car approaching from the west on the wrong side of Savage Street. He brought Ms vehicle to a stop at a point within the intersection and attempted to reverse or back out of the intersection but before he could do this and while he was in a still position, the Cadillac was struck violently by the Buick.
Weaver answered plaintiff’s petition by denying any negligence on his part. He averred the accident occurred when the Morris car was suddenly and without warning driven into Savage Street and turned directly into the path of Weaver’s automobile, whereupon he applied his brakes and made every effort to avoid the collision.
Ardis Street runs north and south and does not cross Savage Street, thus forming what is commonly referred to as a “T” intersection. The northwest corner of the intersection at the time of the accident was covered with tall weeds, which fact presented a blind corner to traffic moving south and east on the two streets. The surface of Ardis Street is 17 feet in width and that of Savage Street, 21 feet. Ardis Street is a dirt street with an oil surface and Savage Street is surfaced with macadam pavement. Both streets were dry and the atmospheric conditions clear at the time of the accident.
Appellants contend the proximate cause of the accident was the negligence of Weaver in failing to maintain a proper lookout, in traveling on the wrong side of the street, in failing to accord Morris the right-of-way which he had by virtue of having preempted the intersection, and in colliding with the Cadillac on the north or Weaver’s left side of the street. Morris is charged with negligence in failing to maintain a proper lookout, in failing to stop before entering the intersection, in making a right turn in the face of oncoming traffic, in failing to yield the right-of-way, and in failing to keep as close as practicable to the right or north edge of the highway while making his turn. Both contesting parties have pleaded, in the alternative, the doctrine of contributory negligence and the doctrine of last clear chance.
The record presents the testimony of three eyewitnesses to the accident, the two drivers and Noel L. Adams, who was standing a short distance away in the northwest corner of the intersection.
Morris testified that while driving about 10 to 15 miles per hour he reached the intersection, came to a complete stop and then commenced his turn into Savage Street; that as he made the turn at a speed *21 of not over 10 miles per hour he saw “a car in my face * * * headed right toward me.” The witness testified he could see at least 200 feet west along Savage Street and that at the time he looked to his right he did not see the Buick automobile. He says he did not tell Weaver after the accident the fault was his. He stated that after the collision the front of his car was not more than 5 or 6 feet onto Savage Street and he was unable to give an estimate of the speed of the Buick automobile.
Weaver testified he was driving east along Savage Street at a speed of about 30 miles per hour and because of the condition of the street, a black topped road, he was driving about the center thereof as there was no oncoming traffic. He declares that the Morris car was not seen by him until he was about to cross the intersection. He did not know whether Morris was moving or stopped at the time of the impact, at which time he says he believed the wheels of the Buick were approximately lYz to 2 feet across the center line of the highway. After the accident he declares Morris told him the fault was his and he would have his insurance agent look after the cars.
Noel 'L. Adams; the only disinterested eyewitness, testified that when the accident occurred he was standing on a pipe rack near the northeast corner of the intersection about 50 yards from where the collision took place. He said he saw both vehicles as they were approaching the intersection and observed Morris was in a hurry and did not stop before entering the intersection. He was of the opinion Morris had stopped" at the moment of impact and at that time the front of the Cadillac was in the middle of Savage Street. The witness observed skid marks left by the Buick 20 to 30 feet in length and inferred from the tire marks so made that the impact occurred in the middle of Savage Street. The collision was between the left' front fender of the Buick and the right front fender-of the Cadillac.' Noel also testified that following the accident he heard Morris admit he was at fault.
The judge a quo fastened responsibility upon Morris for failing to see the Buick which he said was close on him' when he first noticed it. The court observed Morris testified he could see at least 200 feet to the right or in the direction from whence Weaver was coming. This failure of Morris to keep a proper lookout was held to be the proximate cause of the accident.
In this court, counsel for appellants assert the trial court erred in not holding Weaver negligent for driving at an excessive rate of speed, and in failing to drive on his right or the south side of Savage Street. The charge of excessive speed has not been established. Weaver testified he was going 30 miles per hour and Adams estimated his speed at between 40 to 50 miles per hour. Morris after first estimating Weaver’s speed at from 40 to 50 miles per hour admitted he could not say at what speed the Buick was traveling. It is argued LSA-R.S. 32:227, which prohibits the operation of a vehicle at other than a reasonable and proper speed under the circumstances, or at a speed endangering persons or property of others, should be applied in this instance. The record does not evidence conditions which required Weaver to drive at a slower rate of speed.
The evidence likewise fails to substantiate appellants’ claim that a contributing factor in the collision was the fact that Weaver’s car was traveling on the north or wrong side of Savage Street. It is shown that at the time of the collision the left front and rear wheels of the Buick were a few feet to the north of the center line of the street but in our opinion this was not a contributing cause to the collision, because of the narrowness of Savage Street and the point to which Morris had projected his car when he came to a stop. Weaver appears to have done everything possible in the emergency created by Morris. The blind corner enjoined Morris to be certain before he entered the intersection he could do so and execute his turn to the right without danger to traffic on Savage Street. The district court ruled the proximate cause of the accident was the failure of Morris to maintain a proper lookout. We think the ruling is correct.
*22 It is clear that even if Morris came to a complete stop at Savage Street, which we seriously doubt, he failed to observe the duty of care that has been stated repeatedly in the decisions of the appellate courts of this state and which declare that to stop before entering a right-of-way street but discharges half of the duty imposed upon a motorist. This action must be followed by careful observance of traffic conditions on the right-of-way street and no entry therein made unless conditions clearly warrant it. Arline v. Alexander, La.App.1941, 2 So.2d 710-712; McMorris v. Webb, La.App.1953, 67 So.2d 146; Anderson v. Morgan City Canning Company, Inc., La.App.1954, 73 So.2d 196.
Our conclusion is that the sole proximate cause of the accident was the negligence of Morris, as above related. The doctrine of last clear chance is without application because undoubtedly Weaver exerted every effort to avoid the collision in the brief interval of time at his disposal.
Finding no manifest error in the ruling from which appealed, the same is hereby affirmed at appellants’ cost.