SARTAIN, Judge.
Plaintiff appeals from a judgment rejecting claims for damages arising out of a collision between a motorcycle operated by his minor son, James R. Phillips, and a vehicle driven by Carl F. Blossman, owned by Southern Silica of Louisiana, Inc., and insured by Employers’ Liability Assurance Corporation, Ltd., all defendants herein. We affirm the judgment of the district court.
The accident occurred at 4:00 p. m. o’clock on August 8, 1968 at the intersection of Hyacinth and Stuart Avenues in the City of Baton Rouge. Hyacinth is a two-lane street running in an east-west direction and is approximately twenty-four feet in width. Stuart Avenue runs in a north-south direction. On the north side of its intersection with Hyacinth it is a boulevard, separated by a median. On the south side of the intersection it is a normal city street.
James R. Phillips was proceeding in a westerly direction in his own lane of travel on Hyacinth, apparently within the prescribed speed limit of 30 miles per hour when the Honda motorcycle he was operating struck the Blossman vehicle on its left-front side in the area of the headlight. Young Phillips was thrown from the motorcycle into a neighboring yard at the northwest corner of the intersection.
Blossman was traveling in an easterly direction and had maneuvered his auto *739 mobile into a left-turn position at the intersection preparatory to making the turn from Hyacinth to proceed north on Stuart. Whether his vehicle was moving into that turn immediately prior to the accident is at issue as are other questions of fact.
Blossman testified that he had stopped in his lane and was waiting for the motorcycle to pass before completing his turning maneuver. He further testified that his mechanical blinkers were operating at the time indicating a left turn. Just before impact he observed the motorcycle swerving from left to right and appearing to be out of control. He stated that at the moment young Phillips struck his vehicle, he immediately opened his door and went to the youth’s assistance.
Young Phillips testified that from a distance of one half block away he observed the Blossman vehicle and “seemed” to recall that the latter’s left turn indicator was operating. He stated that he continued on at approximately 25 miles per hour and when he was about ten feet from the vehicle, it turned sharply to its left. He endeavored to maneuver his motorcycle to his right but could not do so in time. He did not apply his brakes for fear of losing control of his machine. He denies having lost control of his motorcycle or that it was swerving left and right just prior to the accident.
The officers who investigated the incident testified that Hyacinth is twenty-four feet wide, twelve feet for each direction of traffic. It was not marked with a painted center line. They fixed the point of collision at sixteen feet north of the south parallel line of Hyacinth or four feet into Phillips’ lane of travel. Neither the motorcycle nor the automobile moved any distance from the point of collision after impact. It was their opinion that there was a distance of eight feet remaining in the westbound lane which the cyclist could have used to pass in safety.
A young witness, Chester J. Achee, Jr., was standing on the median of Stuart Avenue at the time of the accident. He intended to cross Hyacinth but was forced to wait for Blossman to pass. He observed the defendant approach the intersection and slow down. His attention was then attracted to the cyclist because of a loud muffler noise. He followed the approach of the motorcycle until it collided with the vehicle. He could not state whether the vehicle was moving at the moment of impact or if its left turn indicator was activated. He did not see the motorcycle “zigzagging” back and forth across Hyacinth before the accident. To the contrary, he concluded that Phillips was in complete control of the machine.
Another eye witness, Fred W. Heath, testified that he was traveling east on Hyacinth approximately one block to the rear of Blossman. Just as this witness was about to turn into a private parking lot in front of a doctor’s office, he observed a young man’s body “come flying over the car” (Blossman’s). He was not sure whether the left-turning vehicle was stationary immediately prior to or at the moment of the accident but he did see Bloss-man open the door of his automobile and get out at almost the instant the motorcycle hit the car. He corroborated the officers’ testimony to the effect that defendant’s car did not move after impact. Though there was no line marking the center of the street, he estimated that defendant’s car “was probably across that center line the width of a tire”. He was definite in his assertion that there was sufficient space in the westbound (Phillips’) lane to have driven an automobile past the Bloss-man vehicle despite that car’s encroachment into that lane of travel.
Under the aforementioned set of facts and taking into consideration certain discrepancies noted in the testimony of several of the witnesses, the trial judge concluded that Blossman was guilty of negligence by permitting his vehicle to invade the motor *740 cycle’s lane of travel. As this court observed in Davidson v. Curole, 196 So.2d 311 (1st La.App., 1967):
“The law is clear that one whose vehicle is in the wrong lane of traffic at the time of a collision bears the burden of proving that the collision was not caused by his negligence, or that there were justifiable circumstances which would excuse his conduct. Jones v. Continental Casualty Company, 246 La. 921, 169 So.2d 50 (1964).”
However, the trial judge denied plaintiff’s recovery on the grounds of contributory negligence on thé part of young Phillips. In his oral reasons for judgment which were dictated for the record the judge a quo found that both the driver of the car and the operator of the motorcycle observed each other at least half a block away, that Phillips knew the vehicle was going to make a left turn, and that plaintiff’s son “had adequate time and space in which to move to the right of the automobile and avoid the collision and his failure to do so amounted to contributory negligence on his part.” The district judge further concluded that defendant “had not attempted to put his car in motion prior to the accident and was stopped in order to permit Phillips to clear the intersection”.
Our independent appraisal of the testimony leads us to the same conclusion as reached by the trier of fact.
In Simon v. Langlinais, 44 So.2d 235 (1st La.App., 1950), this court was confronted with a factual situation similar to the case at bar. There a collision took place between a motor scooter and a left-turning motorist whose stationary vehicle had encroached approximately one foot into the opposite lane. The court found that the operator of the motor scooter had ample room to avoid the collision and that no emergency existed.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at plaintiffs-appellants’ cost.
Affirmed.