L. JULIAN SAMUEL, Judge ad hoc.
This suit arises out of a collision between two automobiles, the property of the litigants, at the intersection of Camp and Thalia Streets in the City of New Orleans. The plaintiff’s car was proceeding on Thalia towards the river and the defendant was driving his car on Camp towards Canal Street. The plaintiff sued, and the defendant reconvened, for the damage to their respective cars.
The trial Court dismissed both the main and the reconventional demands, from which judgment only the plaintiff has appealed.
At the time of the accident plaintiff’s car was being driven by a man named Sanders Chillis, who was going to his home for his lunch. All of the evidence is to the effect that, although Chillis was an employee of the plaintiff, his employment had no connection with the driving of the car on the day of the accident, that he had borrowed the car from the plaintiff for his own purposes and that he was not engaged on any mission for the plaintiff, either as agent or as employee. Under these circumstances it is clear that any negligence on the part of the driver Chillis could not be imputed to the plaintiff. Emmco Ins. Co. v. Savoy, La.App., 71 So.2d 573; Adam v. English, La.App., 21 So.2d 633.
The only question before this Court, therefore, is that of the negligence, if any, on the part of the defendant. If he is guilty of negligence, or of contributory negligence, which was a proximate cause of the accident, judgment must go against him, otherwise not. As counsel freely admits the negligence of plaintiff’s driver, we are concerned only with contributory negligence.
The plaintiff’s car was proceeding on Thalia behind a large, stake-body truck, which the driver of the car had, on several occasions, attempted to pass. At the intersection where the accident occurred, the *94 truck stopped and the plaintiff’s car passed the truck on its left and proceeded into the intersection. It had travelled more than lialf way across Camp Street when it was struck at or near the side of the right front fender by the defendant’s car.
From the testimony of the truck driver, .a totally disinterested witness, we are satisfied that the plaintiff’s car did not stop at the intersection and proceeded across at an unreasonable rate of speed. The defendant, on the other hand, was travelling at a 'lawful rate of speed and, according to his ■testimony, was confronted with a sudden ■emergency in that the plaintiff’s car entered directly in his path so close that he ■was unable to avoid the collision.
The evidence further reveals that Camp Street is a through street whereas Thalia Street is not, and that the defendant was the driver approaching from the right. The defendant, therefore, had the right of way. LSA-R.S. 32:237, subd. A.
The plaintiff’s car was the first to ■enter the intersection and it is this fact, and this fact alone, upon which her counsel relies for judgment in her favor. However, the application of the rule relative to preemption of an intersection does not result merely from entering the intersection first. In order to come within the rule which gives him the right of way, the driver of an automobile who claims to have preempted the intersection must show that he entered it at proper speed and sufficiently ■in advance of the automobile on the intersecting road to permit him to cross without requiring an emergency stop by the other vehicle. Ehtor v. Parish, La.App., 86 So.2d 543; Toups v. Trent, La.App., 85 So.2d 96; Boudreaux v. Moreau, La.App., 73 So.2d 192; Vernaci v. Columbia Gas Co., La.App., 71 So.2d 417; Lafont v. Nola Cabs, Inc., La.App., 65 So.2d 918.
The trial judge found that this accident was occasioned solely and entirely ,through the fault and negligence of the driver of plaintiff’s car and that the defendant was free of negligence. With this conclusion we are in complete agreement.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.