124 So.2d 421 (1960)
William E. DENNISON, Individually and for and on Behalf of His Minor Child, Sharon Jeanne Dennison,
v.
SOUTHWESTERN FIRE AND CASUALTY COMPANY.
No. 5101.
Court of Appeal of Louisiana, First Circuit.
November 15, 1960.
*422 Bienvenu & Culver, H. F. Foster, III, New Orleans, for appellant.
Weber & Weber, Clark Taylor, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES and LANDRY, JJ.
LANDRY, Judge.
About 5:10 P. M., Monday, February 13, 1956, a collision occurred at the intersection of North Boulevard and St. Charles Street in the City of Baton Rouge between a 1947 Kaiser automobile driven by William E. Dennison, plaintiff, and a 1950 Ford driven by Stanley J. Lessard, as a result of which the plaintiff and his 3 year old daughter Sharon, a guest passenger in his car, received injuries. Plaintiff filed this suit against the driver, owner and insurer of the 1950 Ford. Upon trial of the suit, by stipulation of counsel, defendants, Stanley and Clovis Lessard, driver and owner, respectively, of the Ford, were relieved as parties defendant. The district court rendered judgment against the remaining defendant, Southwestern Fire and Casualty Company, in favor of the plaintiff, William E. Dennison individually for the sum of $1,275 and for and on behalf of his minor child, Sharon Jeanne Dennison, in the sum of $200. Defendant Southwestern Fire and Casualty Company prosecutes this appeal.
St. Charles Street runs north and south. North Boulevard, a divided four-lane street 30 feet wide from curb to curb, courses east and west; a wide neutral ground separating the eastbound traffic lanes from the westbound traffic lanes.
On St. Charles Street near the southeast corner of the intersection is situated a stop sign requiring all vehicles proceeding northerly on St. Charles Street to stop before *423 proceeding onto or across North Boulevard. Plaintiff, traveling north on St. Charles Street, stopped in obedience to the aforesaid stop sign and, as he proceeded across the eastbound traffic lanes of North Boulevard, his automobile was struck on the left side by the vehicle driven by Stanley Lessard. The blow was toward the rear of plaintiff's automobile, the left rear door and fender receiving the principal impact. The Lessard vehicle came to rest near the point of impact in the left eastbound lane of North Boulevard (the northernmost or inside lane for eastbound traffic) being the same lane in which Lessard was proceeding prior to the accident. The Dennison car spun sideways and came to rest with the right rear part thereof upon the neutral ground. The evidence indicated the impact occurred at a point 12 feet west of the east parallel of St. Charles Street and 26 feet north of the south parallel of East Boulevard (which latter point may be otherwise identified as being 4 feet south of the north parallel of East Boulevard). It further appears that when Lessard applied his brakes upon noticing plaintiff's vehicle, the Lessard automobile left skid marks of 9 feet in length before the impact and also 9 feet in length beyond the point of impact. Plaintiff testified that upon reaching the intersection, he stopped at the stop sign, looked in both directions along East Boulevard and observing the nearest approaching traffic from his left to be approximately one block away, proceeded to cross the eastbound lanes of North Boulevard with the intention of traversing the neutral ground and turning left in the westbound traffic lanes. Plaintiff stated that at no time did he see the Lessard vehicle prior to plaintiff's entry into the intersection. His testimony is to the effect that at the time of impact he was traveling at approximately 5 miles per hour. His testimony is conflicting as to the location of his automobile upon his first becoming aware of the approach of the Lessard vehicle. In a deposition taken August 16, 1957, he asseverated that when he reached a point about halfway across the first two lanes of North Boulevard, (the right or outside eastbound lane), which point is approximately 15 feet into the intersection, he heard the screech of brakes, looked to his left and observed defendant's car about 4 feet away and the collision immediately followed. The deposition in question further recites plaintiff realized it was impossible for him to stop so he accelerated his speed in an effort to avoid the impending accident. At the trial, plaintiff first testified substantially the same as he did in the aforementioned deposition but subsequently stated that when he heard the brakes of defendant's car he had almost traversed the intersection and at the moment of impact the front end of his vehicle was into the neutral ground and the center of his car was in the approximate center of the left eastbound (inside) or northernmost lane of North Boulevard. Upon cross-examination by counsel for defendant as to which of his versions of the accident was correct, plaintiff adhered to his statement that he had crossed the southernmost eastbound lane of North Boulevard when he became aware of the Lessard vehicle but on the question of whether he applied his brakes or stepped on his accelerator, plaintiff, in effect, was not certain which action he had taken because everything happened so quickly it was hard for him to recall just exactly what occurred.
The driver of the Lessard vehicle testified he was proceeding easterly in the north or left eastbound lane of North Boulevard at a speed of approximately 20 miles per hour and upon approaching the intersection of St. Charles glanced to his left to observe the condition of westbound traffic on the opposite side of North Boulevard as he intended to turn left approximately two blocks ahead. He stated that he merely glanced or flicked his eye to the left and upon reaching a point approximately three car lengths west of the intersection again looked ahead and then for the first time observed the Dennison vehicle proceeding into the intersection directly across his path of travel. *424 He immediately applied his brakes but was unable to avoid the collision.
Vernon Porche, a state policeman on duty at the Governor's Mansion situated approximately one block from the scene of the accident, was looking out of a window from which he had a limited view of the intersection in question. He observed plaintiff's vehicle stop before entering the intersection and also saw the collision but was unable to detect the approach of the Lessard vehicle because of a tree which partially obstructed his view. He was unable to give any details concerning the accident other than seeing the Dennison vehicle stop and noting the impact between the vehicles involved.
The testimony of another witness, Trooper Ourso, dealt principally with the fixing of the point of impact which from the physical evidence this witness concluded occurred at the point in the intersection hereinabove set forth
The substantial issue involved in this litigation is whether plaintiff had timely pre-empted the intersection so as to require Lessard to yield the right of way which Lessard otherwise enjoyed. On this issue counsel for plaintiff points with confidence to the testimony of Trooper Ourso who fixed the point of impact at a point approximately 4 feet south of the neutral ground of East Boulevard from which counsel argues the street being 30 feet wide, it necessarily follows plaintiff's vehicle had traveled 26 feet into the intersection before being struck. Counsel for plaintiff further argues that the cause of the accident was Lessard glancing to his left thereby diverting his attention from the roadway ahead with the result that he failed to see plaintiff's vehicle proceeding into the intersection at a time when Lessard's vehicle was sufficiently distant therefrom that Lessard could have stopped to avoid the accident. The learned trial court agreed with the contention advanced by plaintiff and concluded Lessard had evidently looked to his left for a period longer than Lessard estimated and Lessard's dereliction in this respect prevented him from sooner seeing the Dennison vehicle.
It must be recalled, however, the record shows without contradiction that Lessard was traveling in the left or inside lane at a speed of approximately 20 miles per hour (the evidence indicates the lawful speed limit to be 25 miles per hour). It further appears Lessard was aware of the existence of a stop sign on St. Charles Street under which circumstances he had the right to assume he could proceed at a lawful rate of speed without stopping or reducing his speed at each intersection. Gautreaux v. Southern Farm Bureau Casualty Co. et al., La.App.1st Cir., 83 So.2d 667 and cases therein cited; Steele for Use and Benefit of Steele v. State Farm Mutual Insurance Company et al., 235 La. 564, 105 So.2d 222; Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849; Henderson v. Central Mutual Insurance Company et al., 238 La. 250, 115 So.2d 339.
The trial court found that plaintiff had pre-empted the intersection and in so doing we believe fell into error under the circumstances of the case at bar. The evidence shows plaintiff was acquainted with the fact that North Boulevard was a busy traffic artery and vehicles thereon possessed the right of way. Despite this knowledge, after stopping and looking in both directions, apparently more perfunctorily than with sincere regard for his own safety, he proceeded across North Boulevard with the intention of turning left in total disregard for the traffic which he saw or should have seen approaching from the west. Under the circumstances hereinabove outlined, the conclusion is inescapable that because of the slow speed at which Lessard was traveling, unquestionably his vehicle was no more than three or four car lengths from the intersection when plaintiff started across. Another inevitable conclusion to be drawn from the evidence of record is that plaintiff Dennison simply failed to see the Lessard vehicle, the exact reason therefor *425 being irrelevant and immaterial. A possible explanation for such failure may lie in evidence of record to the effect that at the time of the accident the sun was setting to plaintiff's left and may possibly have blinded him or restricted or limited his view in the direction from which Lessard was approaching. The jurisprudence of this state is settled to the effect there is a continuing duty to exercise care and caution while traversing an intersection, particularly while crossing a favored or right-of-way thoroughfare. Gerrets v. Reed, La.App., 99 So.2d 408. Moreover, the right of pre-emption is acquired only in those instances wherein a vehicle enters an intersection across favored traffic in such manner and at such time as would justify a reasonable belief the intersection can be negotiated safely without endangering or obstructing the normal movement of approaching traffic. Montalbano v. Hall, La.App.2d Cir., 108 So.2d 16; Evans v. Walker, La.App. 2d Cir., 111 So.2d 885.
Likewise, Dennison's failure to observe the approach of the Lessard vehicle does not absolve him from negligence herein. It is elementary that a motorist is charged with the duty of having seen what he should have seen had he exercised reasonable caution. The preponderance of the evidence is to the effect the view of neither Lessard nor Dennison was substantially hampered or impeded and there appears no reason why Dennison should not have observed the Lessard vehicle proceeding along North Boulevard.
Under the circumstances shown herein, the fact that Lessard did not see plaintiff's vehicle until Lessard was approximately three car lengths from the intersection is of no particular moment considering that had he observed plaintiff stopped in obedience to the stop sign, Lessard was entitled to assume plaintiff would yield the right of way and remain in his position of safety until Lessard had traversed the intersection. The fact that plaintiff's vehicle had proceeded into the intersection the distance indicated does not necessarily support the conclusion plaintiff legally pre-empted the intersection under the circumstances of this case. The question of pre-emption is not necessarily determined by the distance which the vehicle on the inferior street has proceeded in the intersection before being struck but whether the motorist on the secondary thoroughfare proceeded into the intersection at a time when it was reasonably safe for him to do so and under circumstances such that he could negotiate the intersection in an orderly manner without impeding or endangering the flow of traffic on the superior thoroughfare. We believe that, under the circumstances of this case, had plaintiff seen the approach of the Lessard vehicle he would or should have realized it was so near that it was unsafe and dangerous for plaintiff to proceed. We also believe the distance traveled into the intersection by plaintiff's automobile before being struck is attributable at least in part to the fact that plaintiff upon hearing the brakes on the Lessard vehicle did, in fact, increase his speed rather than apply his brakes which resulted in his vehicle being propelled farther along at an accelerated speed. Furthermore, upon Lessard's application of his brakes, the forward movement of his vehicle was necessarily reduced and during the interval which it skidded before the impact, plaintiff's vehicle continued to travel forward which combination of events accounts, at least in part, for the impact taking place at the point shown.
We are not unmindful of the well-established rule to the effect the conclusion of the trial court on an issue of fact will not be set aside unless manifestly erroneous but feel that manifest error has been committed in the case at bar inasmuch as we find the negligence of plaintiff Dennison in the respects hereinabove set forth was the sole proximate cause of the accident herein sued upon.
It follows the trial court was in error in awarding judgment in favor of plaintiff, *426 and, therefore, said judgment must be set aside.
It is therefore, ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby reversed and judgment rendered herein in favor of defendant Southwestern Fire and Casualty Company and against plaintiff William E. Dennison individually and for and on behalf of his minor child, Sharon Jeanne Dennison, rejecting said plaintiff's demands; all costs in the trial court as well as all costs of this appeal to be paid by plaintiff William E. Dennison.
Judgment reversed.
HERGET, J., recused.