CULPEPPER, Judge.
This suit was instituted by the plaintiff, Sam Saloom, individually and on behalf of his minor son for property damage and physical injuries incurred by the .minor son, resulting from an intersectional collision between a! vehicle driven by plaintiffs minor son and' one driven by defendant, Louis C. J. Guidry. Defendant Guidry reconvened for damages to his car.
The trial court concluded that both Patrick Saloom, driver of plaintiff’s vehicle, and defendant Guidry were negligent and accordingly dismissed both demands. From this judgment, plaintiff alone has appealed.
This collision occurred at the intersection of Stanford Street which runs north and south and Avenue B which runs east and west in the City of Sulphur. The accident occurred during the daylight hours on a hot and dry day. The record indicates that there was a slight obstruction on the northeast corner of the intersection which partially blocked plaintiff’s view looking north.
As is usual in cases of this nature, the evidence is somewhat conflicting. Defendant testified he was proceeding south on Stanford Street, traveling at approximately twenty miles per hour, and that he first saw plaintiff’s truck when he was about thirty-five feet from the intersection . and immediately applied his brakes. The evidence shows that defendant skidded approximately thirty-five or thirty-eight feet and struck the plaintiff at the right rear fender of plaintiff’s truck. The plaintiff testified that he was proceeding west on Avenue B and when he reached the intersection, he came to an “approximate” stop and observed the defendant approaching to his right about three-fourths of a block away. Despite this observation, the plaintiff proceeded into the intersection. Both streets were blacktopped and there were no stop signs or traffic signals present.
The Highway Regulatory Act, LSA-R.S. 32:237, subd. A, provides that when two vehicles approach or enter an intersection at approximately the same time, 'the driver approaching from the right shall have the right of way. As the defendant was approaching from the plaintiff’s right, there "is'-ho question that defendant should ‘Have-been acc’orded the fight of way, unless, as ájppellant argues, plaintiff-preempted the intersection. The rule of preemption'1 is *436 well established in our jurisprudence to the effect that a party relying on it must show that they could reasonably expect to proceed across the intersection in safety before the party on the favored street reaches it. In Thibodeaux v. Willet, La.App., 70 So.2d 728, 731, the Court held:
“The right of preemption is only afforded a party on a less favored street when he can reasonably expect to cross the intersection before the favored party reaches it. It is certainly not given to one who, wantonly and without regard to others, attempts to cross an intersection in the face of oncoming traffic, as was the situation here. For further comment on this score, see McMorris v. Webb, La.App., 67 So.2d 146.”
In Aucoin v. Houston Fire & Casualty Company, La.App., 44 So.2d 127, 129, the Court in considering similar circumstances, held :
“Anyway, preemption of an intersection does not mean the prior entry of a vehicle by a matter of a few feet or by a fraction of a second ahead of another vehicle, but it means under our jurisprudence the entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under normal and reasonable conditions and circumstances. See Butler v. O’Neal, La.App., 26 So.2d 753.”
The trial court, after hearing the evidence, concluded that the plaintiff did not come to a complete stop before entering the intersection, although admittedly observing the defendant’s vehicle approaching. It is apparent from the testimony that at the time the plaintiff attempted to cross the intersection, the defendant was close enough that the plaintiff should have been aware that he could not safely cross the intersection. The plaintiff on observing defendant approaching should have reasonably expected that he would be unable to safely cross the intersection before the defendant.
The trial court further found that the defendant was driving at an excessive rate of speed and dismissed both the plaintiff’s demand and the defendant’s reconventional demand. As the defendant did not appeal on the reconventional demand, it is not beforé this Court.
In this case only issues of fact are involved and since we conclude there is no manifest error in the findings of fact by the trial court, its judgment is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.