YARRUT, Judge.
Plaintiff appeals from a judgment dismissing his suit for property damage resulting when the community automobile, driven by his wife, collided with one driven by defendant’s assured, at the intersection of St. Claude Ave. and Forstall St. Reference herein to defendant will be to the assured.
St. Claude, a six-lane thoroughfare, divided by a neutral ground, runs east and west. Forstall, with only two opposite lanes (north and south), intersects St. Claude at a right angle. The only traffic control device at the time was a “School Crossing” sign regulating St. Claude traffic.
Plaintiff alleges that the sole and proximate cause of the collision was defendant’s negligence, carelessness and recklessness in failing to keep her vehicle under control; failing to keep a proper lookout; driving her vehicle at a reckless rate of speed, considering the circumstances and the traffic situation prevailing at the time of the collision; and failing to observe the “School Crossing” sign, at a time of day when the westerly bound traffic on St. Claude at this intersection was required to drive at a speed of 15 miles per hour or less.
Defendant answered that the sole and proximate cause was plaintiff’s negligence in failing to exercise a careful lookout; failing to keep her vehicle under proper control; failing to yield the right-of-way to a vehicle travelling on a right-of-way or preferred street; and attempting a left hand turn, a dangerous and hazardous maneuver, at a time when she knew or should have known that such turn could not safely be made. Defendant alternatively, pleaded plaintiff’s contributory negligence.
Plaintiff’s wife testified she had been driving easterly on St. Claude toward St. Bernard Parish; when she reached the Forstall intersection, she turned left, toward the lake, intending to continue driving on Forstall. Because of the heavy traffic on the westbound lanes of St. Claude, she was forced to wait in the neutral ground break for a minute or two before she attempted to cross. To her right on St. Claude in the westbound lane, nearest the neutral ground, two cars were momentarily halted, awaiting the opportunity to turn left into the For-stall break in the neutral ground. These cars obstructed her view of traffic approaching on St. Claude from her right; though several cars were approaching at some distance, she thought she could safely cross, so proceeded into St. Claude. As she reached the middle lane of St. Claude, the right front door and fender of her car was suddenly struck by the front of defendant’s automobile.
Defendant stated she was proceeding towards Canal St. in the middle lane of St. Claude at approximately 20 to 25 miles per hour. Approaching the Forstall intersection, she saw the “School Crossing” sign and took her foot off the accelerator, at the same time noticing cars lined in the lane to her left, against the neutral ground, waiting to turn into Forstall in the direction of the River. Suddenly, plaintiff’s car passed from behind the first halted car and into the middle lane. She applied her brakes, but could not avoid the accident.
It is well established that, before a motorist can properly preempt an intersection, he must show his entry into the intersection at proper speed, sufficiently in advance of a motorist approaching the intersection, to permit him to clear the intersection without an emergency stop by the approaching motorist. Moore v. Shreveport Transit Co., La.App., 115 So.2d 218; Evans v. Walker, La.App., 111 So.2d 885; Mullins v. Seals, La.App., 103 So.2d 582; Russell v. Bourgeois, La.App., 102 So.2d 92; Thomas v. Roberts, La.App., 144 So. 70.
Plaintiff’s wife did not preempt the intersection. Knowing that St. Claude is a heavily-traveled thoroughfare, she should have exercised caution before attempting to *663 cross, particularly since the line of cars halted in the St. Claude neutral ground lane obstructed her view of traffic approaching from her right. It is evident she did not see defendant’s car until the impact because she failed to keep a proper lookout. Had she done so, she would have seen that St. Claude was not sufficiently clear for her to cross without requiring defendant to make an emergency stop.
Plaintiff’s contention that defendant is liable under the “Last Clear Chance Doctrine” is not valid, as defendant did everything in her power to avoid the collision upon discovering the emergency, which was not of her, but plaintiff’s creation.
For the reasons assigned, the judgment appealed from is affirmed; appellant to pay costs in both courts.
Affirmed.