YARRUT, Judge.
Defendant automobile-owner and his insurer appeal from a judgment awarding plaintiffs (husband and wife) $1,000 for personal injuries, and $490.97 for property damage, resulting from an intersectional collision between the automobile of defendant’s assured and one owned by the matrimonial community and driven by plaintiff-wife.
The situs of the accident is the intersection of Florida Ave. and Orleans St., New Orleans. Orleans runs generally north and south; Florida in an cast-west direction. At this intersection each street is undivided with two-way traffic. To the east of Orleans there is a large neutral ground. The lanes of traffic on the opposite side of this neutral ground form Marconi Drive.
The amount of vehicular traffic on both streets is limited by permanent barricades, which prevent access to railroad tracks which traverse both streets, making both streets “dead-ends”. Traffic on Orleans to the north of the intersection (towards Lake Pontchartrain) is very limited as Orleans, barricaded about 200 feet from the intersection, becomes a “dead-end”. Florida reaches a “dead-end” about two blocks (600 feet) to the west of the intersection and is less limited to vehicular traffic.
Reference herein to “plaintiff” will be to plaintiff-wife, the driver of the community automobile; reference to “defendant” will be to the assured. Plaintiff was proceeding easterly on Florida towards Marconi Drive. Defendant, having previously backed his car about 100 to 150 feet into the “dead-end” section of Orleans to the north of the intersection to pick up his son, was proceeding south on Orleans, travelling away from the Lake. At the intersection of Florida and Orleans, the right rear of defendant’s vehicle was struck by the front portion of plaintiff’s car.
Plaintiff alleges that the accident was caused by defendant’s fault and negligence in driving from an unused portion of a “dead-end” street into another street without stopping at the intersection. Defendant answered, denied plaintiff’s allegations and alleged that the sole and proximate cause of the accident was the negligence of plaintiff in: failing to yield the right-of-way to a vehicle which had preempted the intersection; failing to exercise a proper lookout; not having her vehicle under control; operating her vehicle in excess of the legal speed limits; and striking the extreme right side of defendant’s vehicle although ordinary prudence and care and control over her vehicle would have resulted in her being able to avoid the accident. Defendant then reconvened for his property damage.
Both parties admittedly were familiar with the intersection. Neither street was favored by ordinance or traffic controls, nor posted as “dead-ends”. The short section of Orleans to the north of the intersection, had not been abandoned, it was used sparingly by a few residents of the area, workers at a nearby pumping station, and persons going shopping at a small nearby shopping center. Orleans, south of the intersection, runs to the Mississippi River, the immediate section to the south of the intersection being frequently used. The corner of the intersection to defendant’s right was overgrown with tall weeds and grass, which obstructed the views of both drivers as they approached the intersection.
The primary question is which motorist had the right to enter the intersection first. A motorist, to successfully rely on preemption, must show he made entry into the intersection at proper speed, and sufficiently in advance of the motorist on the intersecting street, to permit him to clear the intersection without requiring an emergency stop by the other vehicle. Levy v. St. Paul-Mercury Indemnity Co., La.App., 124 So.2d 143; Moore v. Shreveport Transit Co., La.App., 115 So.2d 218; Evans v. Walker, La.App., 111 So.2d 885; Mullins *252 v. Seals, La.App., 103 So.2d 582; Russell v. Bourgeois, La.App., 102 So.2d 92.
Plaintiff did not preempt the intersection. The point of impact shows that plaintiff was partly into the intersection when she struck the right rear of defendant’s vehicle, then in the process of negotiating the intersection. Nor did the defendant preempt the intersection. The presence of the tall weeds and grass obstructing his view of the plaintiff, approaching from his right, plus the defendant’s testimony in the record that he did not see plaintiff, and was first aware of the impending collision when he heard plaintiff’s brakes screech, is convincing that defendant did not sustain the burden of showing an entry into the intersection sufficiently in advance to permit him to proceed on his way without requiring an emergency stop by plaintiff.
The negligence of defendant is made clear by his testimony:
“Q. About how high were the weeds or trees or flowers at the corner obstructing your view? A. About 5 or 6 feet.
“Q. About 5 or 6 feet? A. Yes.
“Q. And you saw over the weeds as you were coming down? A. Well, the—I have pictures of it that would show better- than I could explain.
“Q. Could you see then over the weeds onto Florida Avenue? A. No.
******
“Q. And did you stop at this corner to determine whether or not cars were coming? A. Well, I was going about walking speed, but I didn’t stop, no, and I was almost across when I heard the screeching of the brakes and I was practically in the center when the crash came.
“Q. Did you ever see the car before the impact? A. No, I didn’t see the the car before the impact because when I cross an intersection, coming into an intersection, I usually look both ways,, you see, and then I proceed, and if I see the road is clear this way, I proceed with caution at all times; I have been driving a long time; and' then I proceeded across when there was nothing from this way and that is-when I was hit.”
Defendant, though familiar with the intersection, having travelled through it many times prior to the accident, yet undertook to cross it, notwithstanding he was unable to see plaintiff’s vehicle about to enter the intersection on Florida. Defendant made no effort to stop, just proceeded across. In fact, he never saw plaintiff’s car until the moment of impact.
Nor is plaintiff free from negligence. The same weeds which obstructed defendant’s view, likewise obstructed her view. She testified “the bushes are quite high, which would make it very difficult for me to see before I really approach the intersection.”
The obstruction of view at the situs of the accident convinces us that plaintiff did not maintain a proper lookout. The skid marks left by her vehicle, plus the fact that the impact caused defendant’s 1955 Cadillac to- spin around 180° from the impact with plaintiff’s 1957 Ford, leaves no doubt that plaintiff was exceeding the speed limit of 20 miles for Florida, and that she did not maintain a proper lookout when approaching the intersection, even though-she was well aware that cars used that portion of Orleans on which the defendant was proceeding when she testified: “ * * but cars come out of there, but I am sure they take every precaution because they know this is sort of a main thoroughfare to go out. * * *
While it is generally true the right-of-way at intersections is accorded to the driver approaching from the right (plaintiff here), nevertheless such right-of-way is not absolute, and may be forfeited by the negligence of the driver, the most common *253 examples of which are excessive speed or failure to maintain a proper lookout. Harris v. Travelers Indemnity Co. of Hartford, Conn., La.App., 70 So.2d 235.
Accordingly, we conclude that both drivers were negligent and are precluded from recovery. The judgment awarding plaintiffs damages is hereby reversed. The judgment dismissing defendant’s recon-ventional demand is hereby affirmed; plaintiffs and defendants to pay their own costs.
Reversed in, part, affirmed in part.