129 So.2d 66 (1961)
Edith McCOY, Plaintiff and Appellee,
v.
STATE FARM MUTUAL INS. CO., Defendant and Appellant.
No. 226.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
Rehearing Denied May 9, 1961.
Lunn, Irion, Switzer, Trichel & Johnson, by Harry A. Johnson, Jr., Shreveport, for defendant.
Gahagan & Gahagan by Russell E. Gahagan, Natchitoches, for plaintiff.
Before SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
This is an action for damages arising out of an intersectional collision between plaintiff's car and an automobile owned and being driven by Joseph Sampite. The defendant was the public liability and property damage insurer of the Sampite vehicle at the time of the accident. Defendant answered denying negligence on the part of the driver of the insured vehicle, alleging that the sole cause of the accident was plaintiff's negligence, and, in the alternative, pleading contributory negligence on the part of plaintiff. Defendant further reconvenes for judgment against plaintiff *67 for the amount which it paid to its insured under the $100 deductible collision feature of the policy. After trial of the case on its merits, the district court rendered judgment in favor of plaintiff, and defendant has appealed from that judgment.
The evidence shows that the accident occurred about 2:30 p. m. on April 20, 1960, at the intersection of Fourth Street and St. Denis Street in the City of Natchitoches. Both of these streets are paved with concrete, and at the time of the accident the weather was clear and dry and visibility was good. Fourth Street is a right-of-way street, about 26 feet wide, running north and south, while St. Denis Street is an inferior street, about 22 feet wide, running east and west. A stop sign is located on the northeast corner of this intersection warning traffic on St. Denis Street to stop before proceeding into this intersection.
Immediately prior to the accident plaintiff was driving her automobile in a westerly direction along St. Denis Street, and Sampite was driving his car north on Fourth Street. While plaintiff's car was about in the center of the intersection the left side of that vehicle was struck by the front of the insured car, the impact having occurred about in the center of the intersection. It is apparent from the evidence that the front of the McCoy car had crossed and had traveled a few feet beyond the center line of Fourth Street before the collision occurred, while the front of the Sampite car had about reached the center line of St. Denis Street. The evidence indicates to us that the McCoy car had traveled about 17 or 18 feet into the intersection before the accident occurred, while the Sampite car had traveled 11 or 12 feet into it.
Plaintiff testified that as she approached the intersection she stopped, looked to her right and to her left, and seeing no vehicles approaching from either direction she put her car into low gear and started across Fourth Street at a speed of about five miles per hour. She stated that she did not see the insured car at any time before it struck her, although there was nothing to obstruct her view or to prevent her from seeing it at least one block before it reached St. Denis Street.
The driver of the insured car testified that he was driving about 20 or 25 miles per hour as he approached the intersection on the favored street, that he saw plaintiff's car a few feet before it reached Fourth Street, that plaintiff did not stop before entering the intersection, and that he applied his brakes and tried to avoid a collision as soon as he saw that plaintiff was not going to stop. The evidence shows that the Sampite car skidded a distance of 12 feet before the collision occurred, and that it came to a stop almost at the point of impact.
The only other eye witness to the accident was John Paul Broussard, a passenger in the Sampite car. His testimony generally supports that given by Sampite, except that he concedes that he and Sampite had testified in a City Court case about two months earlier that the McCoy car was in the intersection before either of them saw it. Counsel for plaintiff also testified that Sampite had stated in the earlier case that plaintiff's car was seven to ten feet into the intersection before he saw it.
The trial judge, as shown in his written reasons for judgment, found that "plaintiff's car pre-empted the intersection and that the driver of the car insured by defendant was solely responsible for the accident in not observing plaintiff's car as soon as he could have and in time to avoid the accident." In our opinion, no manifest error was committed by the trial judge in his finding that plaintiff preempted the intersection, but we are convinced that he erred in concluding that she was free from negligence under the facts presented here.
*68 The evidence establishes that the Sampite car was being driven at a speed not in excess of 25 miles per hour on the favored street as it approached this intersection. This was a reasonable rate of speed, and his speed obviously was reduced to some extent after plaintiff entered the intersection because Sampite applied his brakes after that time, causing his car to skid 12 feet before the collision occurred.
The testimony of Sampite and Broussard to the effect that plaintiff failed to to stop before entering Fourth Street has been discredited to some extent by their prior inconsistent statements. It appears to us, however, that plaintiff should have seen the Sampite car approaching on the favored street before she entered the intersection, and that she was negligent in failing to yield the right-of-way to him whether she stopped or failed to stop before proceeding to cross Fourth Street.
In Hernandez v. State Farm Mutual Automobile Ins. Co., 128 So.2d 833, we said:
"The jurisprudence of this State has been established to the effect that the prior entry of an intersection, without a reasonable expectation and opportunity of negotiating the intersection in safety and without obstructing the normal movement of traffic therein, does not constitute a pre-emption of the intersection. Also, before a motorist can successfully rely on pre-emption, he must show that he made entry into the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to proceed on his way without requiring an emergency stop by the other vehicle. Montalbano v. Hall, La.App. 2 Cir., 108 So.2d 16; Evans v. Walker, La.App. 2 Cir., 111 So.2d 885; Levy v. St. Paul-Mercury Indemnity Co., La.App. 4 Cir., 124 So.2d 143; Dennison v. Southwestern Fire and Casualty Co., La.App. 1 Cir., 124 So.2d 421; Lavigne v. Southern Farm Bureau Casualty Ins. Co., La.App. 3 Cir., 125 So.2d 430; Saloom v. Guidry, La.App. 3 Cir., 125 So.2d 434; Roeling v. Fidelity-Phenix Fire Ins. Co. of N.Y., La.App. 4 Cir., 125 So.2d 661; Gallioto v. Chisholm, La.App. 4 Cir., 126 So.2d 63.
"It further is settled that a motorist who merely stops before entering a right-of-way thoroughfare has performed only one-half of the duty resting on him. He not only must stop, but he must also look out for vehicles on the intersecting street, and he must not enter until he ascertains that it is safe to do so. To stop and then proceed forward into the favored street without first determining that it is safe to enter the intersection constitutes negligence. Arline v. Alexander, La.App. 2 Cir., 2 So.2d 710; Glen Falls Ins. Co. v. Copeland, La. App. 2 Cir., 28 So.2d 145; Pancoast v. Cooperative Cab Co., La.App.Orleans, 37 So.2d 452; Porter for and on Behalf of Porter v. DeBoisblanc, La.App. Orleans, 64 So.2d 864; Anderson v. Morgan City Canning Co., Inc., La. App.Orleans, 73 So.2d 196; Chase v. Burley, La.App. 2 Cir., 76 So.2d 587; Lavigne v. Southern Farm Bureau Casualty Ins. Co., supra; Livaccari v. United Jewish Appeal, Inc., La.App. 4 Cir., 126 So.2d 67."
Plaintiff testified that she stopped before entering the intersection, but she admits that she did not see the insured car at any time prior to the collision. It is obvious from her own testimony, therefore, that she did not look out for vehicles on the intersecting street and that she entered the right-of-way street directly in front of the approaching Sampite car when it was not safe to do so. Under those circumstances she cannot successfully rely on preemption. In our opinion, plaintiff's negligence in failing to maintain a proper lookout and in attempting to cross the favored street when it was not safe to do so constituted *69 a proximate and contributing cause of the accident barring her from recovery.
The evidence fails to convince us that the driver of the insured car was negligent "in not observing plaintiff's car as soon as he could have and in time to avoid the accident."
In Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849, 851, where a stop sign was involved, the Supreme Court said:
"* * * The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law."
This rule has been followed in numerous other cases. See Ryan v. Allstate Insurance Company, 232 La. 831, 95 So.2d 328; Steele, for Use and Benefit of Steele v. State Farm Mutual Insurance Company, 235 La. 564, 105 So.2d 222 and Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Youngblood v. Robison, 239 La. 338, 118 So.2d 432; Hernandez v. State Farm Mutual Automobile Ins. Co., supra.
In this case, Sampite had the right to assume that plaintiff, who was approaching the intersection from an inferior street, would observe the law and would yield the right-of-way to him, until he saw, or should have seen, that she was not going to do so. If we should assume that he did not see plaintiff's car until it had reached a point several feet into the intersection, as he is said to have testified in an earlier case, there is still no evidence to show that he would have been able to have avoided the accident if he had maintained a closer lookout and had observed plaintiff immediately after it became apparent that she was going to enter the intersection directly in front of him. For that reason, we feel that the trial court erred in finding the driver of the insured car negligent.
Since plaintiff's negligence was the sole and proximate cause of the accident, defendant is entitled to recover the amount due it under its reconventional demand. The damages to the insured car amounted to $601.84, of which amount plaintiff in reconvention paid $501.84. It is entitled to recover the amount which it paid. London, Guarantee and Accident Insurance Company v. Vicksburg, S. & P. R. Company, 153 La. 287, 95 So. 771; Hansen v. Hickenbotham, La.App.Orleans, 61 So.2d 620; John M. Walton, Inc. v. McManus, La.App. 1 Cir., 67 So.2d 130; Lumbermen's Mutual Ins. Co. v. Ruiz, La.App. 1 Cir., 77 So.2d 84; Lumber Mutual Fire Insurance Co. v. Kemp, La.App. 1 Cir., 102 So.2d 248; American Bankers Insurance Co. of Florida v. Costa, La.App.Orleans, 107 So.2d 76.
For the reasons herein assigned, therefore, the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff-in-reconvention, State Farm Mutual Insurance Company, and against defendant-in-reconvention, Edith McCoy, for the sum of $501.84, with legal interest thereon from date of judicial demand until paid, and for all costs of this suit, including costs of this appeal.
Reversed and rendered.

On Application for Rehearing.

En Banc. Rehearing denied.