REGAN, Judge.
Plaintiff, Welbert Collins, Sr., instituted this suit against the defendants, Randolph Williams, the operator of a truck owned by his employer, Joseph Ribaul Transfer Company, Inc., and its insurer, United Benefit Fire Insurance Company, Inc., endeavoring to recover the sum of $10,205, representing property damage, personal injuries and medical expenses incurred on January 30, 1959 at 10:00 a. m. as a result of a collision between his vehicle and the defendants’ truck which was parked in the right lane of the east bound roadway of the Chef Menteur Highway.
The plaintiff asserts that the proximate cause of the accident was the negligence of Williams in parking the truck, unattended, in the highway and in failing to place “red flags” to the front and rear thereof in order to warn approaching traffic.
The defendants answered and admitted that their vehicle was left unattended and without warning devices, but denied that these omissions constituted the proximate cause of the accident; in the alternative, they pleaded both the contributory negligence of Collins and that he possessed the last clear chance to avoid the accident.
From a judgment dismissing the plaintiff’s suit, he has prosecuted this appeal.
The record reveals that at the situs of the accident Chef Menteur Highway is composed of two roadways, separated by a neutral ground and services traffic generally moving either east or west between New Orleans and the Mississippi Gulf Coast. Each roadway is divided into two traffic lanes measuring approximately fifteen feet in width. On the morning of the accident visibility was good and the roadway was straight for several miles. It had rained and the roadway was, as a result thereof, wet.
The plaintiff, in relating his version of the accident, testified that he was driving in the right lane of the highway, moving in an easterly or outbound direction, at a speed of forty-five to fifty miles per hour and that seventy-five or eighty feet in front of him occupying the same lane was a trailer-truck so large that it completely obstructed his vision beyond the truck. He observed that the left mechanical signal indicator of the truck began to blink and he assumed the driver thereof wished to execute a left turn or, as he conceded, he was familiar with the custom of using this signal as the manifesta *105 tion of intent on the part of a motorist to move over into the left lane in order to pass another vehicle. Simultaneously he noticed the illumination of the truck’s stop lights and then reduced his speed, although he continued to close the gap between the two vehicles.
When the truck moved from the right into the left traffic lane, the plaintiff was confronted with the sight of a Mack truck-trailer parked, as he laboriously insists, forty or fifty feet immediately ahead of him in the right lane, and which was heavily loaded with pipe which protruded beyond the rear end thereof.
To avoid colliding therewith, the plaintiff applied his brakes, causing his vehicle to skid; he then sharply turned his vehicle to the left, and intended to cross the neutral ground into the west or inbound roadway. He was unable to consummate this manue-ver since other vehicles were approaching therein. He then steered his vehicle back into the outbound roadway, crossed over the left lane thereof and collided with the left front portion of the parked truck with such force that his vehicle was completely demolished.
Harold E. Wilson, the policeman who conducted the ensuing investigation of the accident, appeared on behalf of the defendants and testified that the tires of the plaintiff’s vehicle began to impress skid marks on the highway approximately 107 feet removed from where the collision occurred.
Williams, the operator of the parked truck, testified that the clutch thereof became inoperative and since he was alone, it was necessary for him to leave the truck unattended in order to telephone for assistance. He conceded that he omitted to flag the truck and that it was carrying a load in excess of the legal limit; he explained that if he had parked this very heavily laden vehicle on the soft shoulder adjoining the highway, it would have turned over, therefore he had parked in the right lane of the highway.
Predicated upon the foregoing testimony, the trial judge found as a fact’that Williams was guilty of negligence, and that the plaintiff was contributorily negligent.
The only question posed for our consideration by virtue of this appeal is whether those findings of fact are so erroneous and unsupported by the evidence as to warrant a reversal by us.
We have observed heretofore that when a suit instituted by the plaintiff is predicated upon an allegation of negligence and the defense thereto is a denial of negligence joined with an alternative plea of contributory negligence, it is often expedient in authoring an opinion to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether the defendant was guilty of primary negligence.
The plaintiff’s testimony, together with the physical evidence leading up to the accident, very obviously convicts him of negligence. He asserted that he did not see the parked truck until he was forty or fifty feet removed therefrom, however, the police officer testified that the tires of plaintiff’s vehicle began to impress skid marks on the highway 107 feet removed from the point where the collision occurred which did not include the time normally consumed in reacting to the necessity of applying the brakes the moment he saw the parked truck.
In view of the circumstances which existed moments before the accident occurred, the plaintiff was not operating his vehicle at a prudent speed, nor was he maintaining a proper lookout. If the plaintiff observed either of the foregoing rules of the road, he could have brought his car to a stop before the accident occurred, or he would have done exactly what the vehicle which preceded him did, that is, use the left traffic lane, which was fifteen feet in width, to drive around the parked truck.
*106 We are therefore of the opinion that the plaintiff was contributorily negligent and the trial court very properly dismissed his suit.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.