LEAR, Judge.
This is an action for damages and personal injuries arising out of an intersectional collision between plaintiff’s automobile and an automobile owned by Wallace Fontenot, being driven by his wife, Mrs. Audrey Fontenot, and insured by the named defendant insurance company. Defendants answered, denying negligence on the part of Mrs. Audrey Fontenote, alleging that the sole cause of the accident was plaintiff’s negligence, and, in the alternative, pleading contributory negligence on the part of plaintiff. After trial of the case on its merits, the district court found both drivers to be guilty of negligence contributing to this accident and dismissed plaintiff’s suit. Plaintiff has appealed from that judgment.
The evidence shows that the accident occurred about 6:45 o’clock A.M. on July 9, 1966, at the intersection of Kirkman and Fall Streets in the City of Lake Charles. Kirkman Street is the favored, or right-of-way street, approximately 34 feet wide, running north and south. Fall Street is an inferior street, running east and west, and having a stop sign located on the southwest corner of this intersection warning traffic on Fall Street proceeding east to stop before entering the intersection.
Immediately prior to the accident, Mrs. Fontenot was driving her family automobile in a westerly direction along Fall Street and petitioner was driving his car south on Kirkman Street. When the Fontenot automobile had reached a point approximately 21 feet west of the east boundary of the intersection, it was struck in the right front side by the front portion of the Keg-ley car which had penetrated into, the intersection about 15 feet south of the north boundary of said intersection. The Keg-ley vehicle stopped almost at the point of the impact, which corroborates the testimony of Kegley and the guest passenger in his car that he was operating his vehicle at a speed of 20-25 mph. The Fontenot vehicle proceeded approximately 62 feet west of the eastern boundary of the intersection, but it is apparent that this distance was driven by Mrs. Fontenot and it was not merely the momentum of her vehicle which caused the vehicle to proceed that distance. The evidence is to the effect that Mrs. Fontenot did stop at the intersection and, upon failing to observe the approach of the plaintiff’s automobile, accelerated into the intersection at a speed of 5-10 mph. Neither driver saw the other vehicle until the collision was inevitable, and it was the failure of Kegley to see the Fontenot car until it had reached a position immediately in front of his moving vehicle that had the trial judge conclude that Kegley was guilty of contributory negligence.
The trial judge found Mrs. Fontenot guilty of negligence in the first instance, and correctly so, quoting from Hernandez v. State Farm Mutual Auto. Ins. Co., 128 So.2d 833, as follows:
“It further is settled that a motorist who merely stops before entering a right-of-way thoroughfare has performed only one-half of the duty resting on him. He not only must stop, but he must also look out for vehicles on the intersecting street, and he must not enter until he ascertains that it is safe to do so. To stop and then proceed forward into the favored street without first determining that it is safe to enter the intersection constitutes negligence.”
Although we concur in the finding of fact contained in the opinion of the trial court, we cannot agree that such evidence establishes contributory negligence on the part of Wilson J. Kegley.
*826 In McCoy v. State Farm Mutual Ins. Co., La.App., 129 So.2d 66, this court had occasion to consider an identical matter. In that case, this court, through Judge Hood as organ, had this to say:
“In this case, Sampite had the right to assume that plaintiff, who was approaching the intersection from an inferior street, would observe the law and would yield the right-of-way to him, until he saw, or should have seen, that she was not going to do so. If we should assume that he did not see plaintiff’s car until it had reached a point several feet into the intersection, as he is said to have testified in an earlier case, there is still no evidence to show that he would have been able to have avoided the accident-if he had maintained a closer lookout and had observed plaintiff immediately after it became apparent that she was going to enter the intersection directly in front of him. For that reason, we feel that the trial court erred in finding the driver of the insured car negligent.”
Finding no fault with McCoy, supra, and agreeing again with the language used by Judge Hood therein, we find that plaintiff, Wilson J. Kegley, should have and recover judgment and hence must pass to the question of quantum, which was not considered by the district court in view of its dismissal of plaintiff’s action.
As a result of this accident, plaintiff suffered a black eye, a spraining injury to his left middle finger, and a low-back strain. His automobile was damaged in the sum of $110.00, and he proved the expenditure of $19.17 for drugs and medicines during the course of treatment for his low-back strain. In addition, there was introduced in evidence a bill from The Eye Clinic of Lake Charles in the sum of $25.00. However, this latter bill shows that $10.00 was billed for an office visit on July 26, 1966, and an examination had on July 29, 1966, for the sum of $15.00. Dr. Emerson of The Eye Clinic did not testify, and we are convinced from Mr. Kegley’s testimony that the only portion of this expense that can be properly attributable to the accident was the office visit of July 26, 1966. He testified that he wore glasses before tlm accident and in effect stated that the examination of his eyes had on July 29, 1966, was merely to determine whether his prior prescription for glasses should be changed due to the passage of time and the usual deterioration to be expected in a man of Mr. Kegley’s age. Therefore, we will allow only the sum of $10.00 as an expense connected with the injury to the eye received in the accident. In addition to the above, the petition asks for judgment in the sum of $315.00 represented by a charge for treatment of the low-back strain. However, Dr. Harry S. Snatic, the attending physician, testified without objection that his examinations and treatments due to the injury received in this automobile accident totalled $420.00. In the absence of any objection to this testimony, we feel that the petition has been enlarged to that extent and therefore will allow the entire $420.00.
Although Mr. Kegley testified that he had two vocations by which he earned his living, no loss of income was asked and hence none can be granted.
As to damages for plaintiff’s personal injuries, we feel that the bruise or discoloration around the perimeter of the eye was minor and soon disappeared without lasting effect. Plaintiff makes no claim of any particular pain or discomfort and neither alleges nor proves any humiliation or embarrassment because of the temporary cosmetic defect. We feel that the sum of $25.00 will adequately compensate plaintiff for the injury or bruise to the area around the eye.
As to the spraining injury to the left middle finger, Mr. Kegley testified that this cleared up in about three or four weeks and we feel that the sum of $200.00 would be proper for this particular injury.
*827 As to the low-back strain, Dr. Snatic testified that he released plaintiff in February of 1967, but that in March of 1967 plaintiff returned to him “complaining that his back was giving him some more trouble”. Dr. Snatic, the only physician who testified in this matter, stated that in his opinion there was an aggravation of an arthritic process in plaintiff’s back and that he felt that plaintiff had suffered a “little flare-up”. He further testified that plaintiff could have complaints of pain on undue exercise or heavy lifting. We feel, in view of all of the evidence relating to this low-back strain, that plaintiff will be compensated by an award of $1,500.00.
For the reasons above assigned, the judgment of the district court is reversed and judgment in favor of plaintiff, Wilson J. Kegley, against the defendants, Grain Dealers Mutual Insurance Company and Mrs. Audrey Fontenot, in solido, in the sum of One Thousand Eight Hundred Sixty-four and 17/100 ($1,864.17) Dollars is hereby ordered.
Reversed and rendered.
En Banc.